WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) | ***NOTICE OF REMOVAL*** |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| RICK FOELLER and NATALIE FOELLER, | ) ) ) | Civil No. 4:09-cv-00517 |
| Defendants. | ) ) ) ) | Judge _____ |

Defendants Rick Foeller and Natalie Foeller (collectively, "Defendants"),

pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby file this Notice of Removal of the above-

described action to the United States District Court for the District of Idaho, from the District

Court of the Seventh Judicial District of the State of Idaho, in and for Bonneville County, where

the action is now pending and state:

       1.      The above-entitled civil action was filed in the District Court of the

Seventh Judicial District of the State of Idaho, in and for Bonneville County, on April 29, 2009,

and is now pending in that court.

2.      Defendants received the Summons and Complaint for this case on or about May 12, 2009.

3.      Plaintiff Melaleuca, Inc. is a corporation organized and existing under the laws of the State of Idaho with its principal place of business in Bonneville County, Idaho.  *See* Complaint, ¶ 1, attached hereto as Exhibit A.

4.      Defendants are residents of Ontario, Canada.  *See* Exh. A at ¶ 2.

5.      Plaintiff's Complaint is a civil action raising allegations that Defendants have breached contractual obligations owed to Plaintiff.  *See* Exh. A, ¶¶ 6-9.  Specifically, Plaintiff alleges that Defendants have violated Plaintiff's so-called "Policy 20," which Plaintiff alleges was incorporated into Defendants' Independent Marketing Executive Agreement ("IMEA") with Plaintiff.

6.      Although Plaintiff's Complaint seeks primarily injunctive relief and only alleges that the amount in controversy is in excess of $10,000.00, *see* Exh. A at ¶ 10, on September 30, 2009, Defendants first learned, as set forth below, that Plaintiff has admitted the value of the alleged injury to it exceeds $75,000.00 if the allegations in the Complaint are ultimately found to be correct, exclusive of any interest, costs and/or attorneys' fees.  Thus, this Notice is timely under 28 U.S.C. § 1446(b).

7.      The amount in controversy exceeds $75,000.00.

a.      On or about May 15, 2009, Defendants filed an earlier notice of removal with this Court.  On May 22, 2009, this Court remanded the matter to state court finding it was not facially evident that the controversy involved more than $75,000.00, and that Defendants had offered no facts regarding the amount in controversy that would support this

Court exercising jurisdiction.  A true and correct copy of this order is attached hereto as Exhibit B.

        b.      After remand, on or about August 6, 2009, Defendants served their First Set of Interrogatories, Requests for Production, and Request for Admission (the "Written Discovery").  The third request for admission states: "Assuming that the allegations in Your complaint are correct, which Defendants expressly deny, admit that upon reasonable inquiry the total value of the money damages and/or the dollar value of any injunctive relief that Melaleuca might recover is in excess of $75,000.00, exclusive of any interest and/or costs."  A true and correct copy of the Written Discovery is attached hereto as Exhibit C.

        c.      On September 30, 2009, pursuant to an earlier extension agreed to by the parties, Plaintiff served its answers to the Written Discovery.  In responding to the third request for admission, Plaintiff states, in total: "Objection.  As is often the nature of injunctive and other equitable relief, there is insufficient information to calculate the value of Plaintiff's requested injunctive relief.  Moreover, the value of Plaintiff's money damages is irrelevant to this court action which has been ruled to include only a prayer for injunctive relief whereas the prayer for damages was held to be subject to mandatory arbitration.  On those bases Plaintiff denies this request."  A true and correct copy of Plaintiff's Responses to Defendants' First Request for Admissions (the "Responses") is attached hereto as Exhibit D.

        d.      Prior to September 30, 2009, Melaleuca had not provided any discovery responses to Defendants.

        e.      The Responses were not signed under oath by Plaintiff or by Plaintiff's attorney.  *See* Exh. D.

f.      Rule 36(a) of the Idaho Rules of Civil Procedure reads in pertinent part: "*The matter is admitted* *unless*, within 30 days after service of the request, or within such shorter or longer time as the court may allow, the party to whom the request is directed serves upon the party requesting the admission a written answer or objection addressed to the matter, *signed under oath by the party or by the party's attorney*, unless the court shortens the time." (Emphasis added).

g.      Because the Responses were not signed under oath as required by Idaho R. Civ. P. 36(a), Plaintiff has admitted Request for Admission No. 3.

8.      The Complaint is between an Idaho corporation and citizens of a foreign state for purposes of 28 U.S.C. § 1332(a)(2).  *See* Exh. A, ¶¶ 1 and 2.

9.      Consequently, the United States District Court for the District of Idaho has subject matter jurisdiction under 28 U.S.C. § 1332 based on the amount in controversy and the diversity of citizenship of the parties.  *See* Exh. A.  Accordingly, Defendants remove this case pursuant to 28 U.S.C. § 1441(a) and (b), because "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought [i.e., Idaho]." 28 U.S.C. § 1441(b).

10.      This action has not been pending for more than one year.

11.      Defendants file with this notice a copy of all process, pleadings, and orders served upon them in this action as required by 28 U.S.C. § 1446(a).  These documents are attached hereto as Exhibits A through E.

12.      Defendants will give written notice of the filing of this notice to all adverse parties as required by 28 U.S.C. § 1446(d).

4

13.     A copy of this notice will be filed with the clerk of the District Court of the Seventh Judicial District of the State of Idaho, in and for Bonneville County, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendants request that this action proceed in this Court as an action properly removed to it.

DATED this 13th day of October, 2009.

WOOD CRAPO LLC


  s/ Richard J. Armstrong
Richard J. Armstrong
60 E. South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2009, I mailed a true and correct copy of the

foregoing **NOTICE OF REMOVAL** in the U.S. Mail, postage prepaid, to the following:

Curt R. Thomsen
T. Jason Wood
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, Idaho 83404


s/Richard J. Armstrong


S:\WPDATA\PLEADING\FOELLER.MELALEUCA.SECOND NOTICE OF REMOVAL.wpd