# EXHIBIT C

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

# IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

# OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | *DEFENDANTS' FIRST SET OF* |
| Plaintiff, | *INTERROGATORIES, REQUESTS* |
| | *FOR PRODUCTION, AND REQUESTS* |
| vs. | *FOR ADMISSION* |
| RICK FOELLER and NATALIE FOELLER, | Civil No. CV-09-2616 |
| Defendants. | The Honorable Jon J. Shindurling |

Pursuant to Rules 33, 34 and 36 of the Idaho Rules of Civil Procedure, Defendants

Rick Foeller and Natalie Foeller ("Defendants"), propound the following First Set of

Interrogatories, Requests for Production, and Requests for Admission to Plaintiff  Melaleuca,

Inc. ("Melaleuca"), to be answered and produced by Melaleuca within 30 days from the date

hereof or within such shorter period as the Court shall order.  The requested documents are to be

produced at the offices of Wood Crapo LLC, 500 Eagle Gate Tower, 60 East South Temple Salt

Lake City, Utah 84111.

## DEFINITIONS

As used in these Interrogatories and the accompanying Requests for Production of Documents and Things, the terms listed below are defined as follows:

a.      The terms "You," "Your," and "Plaintiff," mean Melaleuca, Inc., including any divisions, departments, subsidiaries, parents, affiliates and predecessors, and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

b.      The term "Defendants" means Rick Foeller and/or Natalie Foeller as well as any other persons acting or purporting to act on their behalf.

c.      The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

d.      The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or constructive possession, custody, or control of any agent, employee, consultant, or any other person acting or purporting to act on Your behalf, including drafts and copies bearing notations or marks not found on the original:

2

a.     all letters or other forms of correspondence or communication, including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages, telex messages, and telephone messages (including reports, notes, notations and memoranda of or relating to any telephone conversations or conferences or personal interviews);

b.     all memoranda, research reports, speeches, reports, financial statements or reports, appraisals, estimates, notes, transcripts, tabulations, ledgers, studies, analyses, evaluations, projections, work papers of any type, corporate records or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps, diagrams, summaries, tables, indexes, extracts, statistical records, compilations, reports and/or summaries of investigations, testing or analyses, marginal notations, desk calendars, appointment books, diaries, invoice receipts, contracts, insurance policies;

c.     all books, manuscripts (whether submitted for publication or not), advertisements (whether submitted for publication or not), press releases, magazines, newspapers, booklets, brochures, training materials, pamphlets, circulars, bulletins, notices, speeches, instructions, manuals, and articles;

d.     all minutes, transcripts, notes, presentation material, and memoranda of meetings;

e.     all photographs, drawings, microfilms, tapes or other recordings, punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-

outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever;

   f. all contracts, agreements, understandings, representations, warranties; and

   g. any and all drafts of the foregoing.

  5. Unless otherwise specified herein, "relates to," "relating to," "refers to" and "referring to" shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request.

  6. To "identify" a person means to state the person's name, business address and telephone number and, in the case of a natural person, his home address, current occupation or job title, and current employer or business affiliation and telephone number or, in the case of a business enterprise, its form of organization, its state or country of incorporation if applicable, its address and principal place of business, executive officer or officers and telephone number.

  7. To "identify" a document means to provide a brief description of the document sufficient to support a request for production, including the general nature of the subject matter, the date, identification of the author(s), addressee(s) and distributee(s), if any, and, if the document comprises or embodies an agreement, the parties to such agreement. In answer to interrogatories requiring identification of any document or documents, such document or documents may be produced by Plaintiff for inspection and copying along with the answers to these interrogatories in lieu of identification provided, however, the interrogatory or interrogatories to which the document responds must be specified.

8.     To "identify" a thing means to provide a brief description of the thing sufficient to support a request for production, including any names, numbers, markings, or other identifying characteristics by which Plaintiff understands the thing to be identified.

9.     To "locate" a document or thing means to state, by identifying a complete address, the present whereabouts of the document or thing, and to identify the one or more persons having possession, custody, or control thereof.

10.    The words "and", "and/or", and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings.  The words "all" and "any" shall mean "each and every" as well as "any one."  The masculine gender shall be deemed to include the feminine and the neuter where appropriate, the singular, the plural, and vice versa.

## INSTRUCTIONS

1.     These Interrogatories and the accompanying Requests for Production of Documents and Things are of continuing effect, and to the extent that at any time after answering thereof You become aware of or acquire additional information responsive to these Interrogatories and the accompanying Requests for Production of Documents and Things, such information shall be produced promptly.

2.     References to natural persons shall be deemed to include, in addition to the person named, his or her agents or assigns, representatives, and attorneys, any partnership of which such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

3.     References to entities other than natural persons, including Plaintiff, shall be deemed to include, in addition to the entity named, its divisions, departments, subsidiaries, affiliates,

parents, predecessors, present or former officers, directors, employees, agents, representatives, accountants and attorneys, and all other persons acting or purporting to act on behalf of each such entity or person.

4.    If any interrogatory or request for documents and/or things cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

5.    In the event that any document identified in these interrogatories is subject to any claim of privilege (including work product), Plaintiff shall furnish a list identifying each such document by:

a.    identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted;

b.    describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;

c.    identifying any and all attachments or enclosures appurtenant to such documents;

d.    stating briefly the nature of the privilege asserted; and

e.    producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

f.       When producing any document in machine readable form, Plaintiff will produce the means for reading said machine readable document, including software, hardware and any other equipment or apparatus required for that purpose, or, in the alternative, will provide complainant with a hard copy of said machine readable document.

g.       Each copy of any document that contains any markings not appearing on the original, or is an alteration of the original, shall be considered a separate document for purposes of these discovery requests.

h.       Records produced should be identified by category, location and form of record as ordinarily maintained in the course of business, and any indexes to such records should also be supplied.

i.       Where these Interrogatories call for the identification of a document or thing, it may be satisfied by the production of the document or thing and a statement identifying which of the documents produced is the document or thing in question

j.       Responses to these Interrogatories, unless specifically stated, shall cover the period from 1998 to the present.

### INTERROGATORIES

**INTERROGATORY NO. 1:**   Identify and describe the nature of any relationship and/or business association between You and Defendants.  Be sure to describe in detail the nature of the services/work that Defendants provided to You or on your behalf, as well as a description of the compensation scheme whereby Defendants received payments for services rendered/work performed.

7

**INTERROGATORY NO. 2:**   Starting in 1998, provide a detailed chronological accounting of all revenue that Defendants generated for You up until their resignation from Melaleuca in November 2008.

**INTERROGATORY NO. 3:**   Describe the annual average value of the services/work that Defendants provided You, providing dollar amounts.

**INTERROGATORY NO. 4:**   Identify and describe the annual average income, revenues and sales You recognized from the geographical area in which Defendants worked.

**INTERROGATORY NO. 5:**   Identify and describe the annual average income, revenues and sales You recognized from the work/services that Defendants provided on your behalf.

**INTERROGATORY NO. 6:**   Identify and describe the income, revenues and sales that You will no longer receive as a result of Defendants' resignation from Melaleuca.

**INTERROGATORY NO. 7:**   Identify all commissions paid to and/or withheld from Defendants since 1998 to the present time, and describe the reasons for any commissions withheld.

**INTERROGATORY NO. 8:**   State the names, addresses, and telephone numbers of your accountant, bookkeeper, and any other persons who possess Your financial records, and state which records each possesses.

**INTERROGATORY NO. 9:**   Identify any financial statement or any list of Your assets and liabilities prepared by You or on Your behalf in the last three years.

**INTERROGATORY NO. 10:**   Identify all witnesses, including experts, that You intend to call at trial, and for each such witness 1) identify the expected subject matter of that person's

testimony and 2) identify all documents and/or things expected to be utilized by such witness in preparation for such testimony.

**INTERROGATORY NO. 11:**   Identify all persons who have knowledge about any of the matters alleged in the complaint in this proceeding.

**INTERROGATORY NO. 12:** Identify all distributors that You believe Defendants have contacted and/or "raided" in any manner that violates Defendants' contractual obligations to You.

**INTERROGATORY NO. 13:**   Identify all up-line distributors that sponsored any of the distributors that You believe Defendants have contacted and/or raided in any manner that violates Defendants' contractual obligations to You.

**INTERROGATORY NO. 14:**   Separately, for each of the foregoing Interrogatories:

      a.      Identify all documents reviewed, consulted or referred to in anyway by any person in preparing the answer to each Interrogatory, or in supplying information used in preparing such answer; and

      b.      Identify all persons who were consulted and/or who supplied information used in preparing the answer to each Interrogatory.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**   All documents referring or relating to any relationship between You and Defendants.

**REQUEST NO. 2:**   All documents referring or relating to the services/work that Defendants performed for You.

**REQUEST NO. 3:**   All documents referring or relating to Defendants.

**REQUEST NO. 4:**     Your quarterly and annual financial statements from 1998 to the present.

**REQUEST NO. 5:**     Your quarterly and annual profit and loss statements from 1998 to the present.

**REQUEST NO. 6:**     Your annual reports from 1998 to the present.

**REQUEST NO. 7:**     Any and all records/documents relating to, referring to or referencing sales generated/made by Defendants since 1998.

**REQUEST NO. 8:**     Any and all records/documents relating to, referring to or referencing sales made by any Melaleuca employee, affiliate or independent contractor within Ontario, Canada, since 1998.

**REQUEST NO. 9:**     Any and all records/documents that You may have relied upon or referred to when answering Defendants' First Set of Interrogatories.

**REQUEST NO. 10:**     Any and all genealogy reports for all distributors that You believe Defendants have contacted and/or "raided" in violation of Defendants' contractual obligations to Melaleuca.

**REQUEST NO. 11:**     Any and all sales reports since 1998 for all down-line distributors that You believe Defendants have contacted and/or "raided" in violation of Defendants' contractual obligations to Melaleuca.

**REQUEST NO. 12:**     Any and all sales reports since 1998 for all distributors in the up-line of any and all distributors that You believe Defendants have contacted and/or "raided" in violation of Defendants' contractual obligations to Melaleuca.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:**     Admit that You can readily obtain Melaleuca's records regarding distributor sales.

Admit _____          Deny _____

**REQUEST NO. 2:**     Admit that Melaleuca's records regarding distributor sales are sufficient to determine the legal damages that Melaleuca may have suffered as a result of Defendants' alleged actions.

Admit _____          Deny _____

**REQUEST NO. 3:**     Assuming that the allegations in Your complaint are correct, which Defendants expressly deny, admit that upon reasonable inquiry the total value of the money damages and/or the dollar value of any injunctive relief that Melaleuca might recover is in excess of $75,000.00, exclusive of any interest and/or costs.

Admit _____          Deny _____

DATED this 6th day of August, 2009.

WOOD CRAPO LLC

By _____
Richard J. Armstrong
60 E. South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com
*Attorneys for Defendants*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION.wpd

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, )<br><br>Plaintiff, )<br><br>vs. )<br><br>RICK FOELLER and NATALIE FOELLER, )<br><br>Defendants. ) | ***CERTIFICATE OF SERVICE OF DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR PRODUCTION, AND REQUESTS FOR ADMISSION***<br><br>Civil No. CV-09-2616<br><br>The Honorable Jon J. Shindurling |

I HEREBY CERTIFY that on the 6th day of August, 2009, a true and correct copy

of ***DEFENDANTS' FIRST SET OF INTERROGATORIES, REQUESTS FOR***

***PRODUCTION, AND REQUESTS FOR ADMISSION*** was mailed to the following:

Curt R. Thomsen
T. Jason Wood
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, Idaho 83404
*Attorneys for Plaintiff*

DATED this 6th day of August, 2009.

WOOD CRAPO LLC

By_____

Richard J. Armstrong
60 E. South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com
*Attorneys for Defendants*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.CERTIFICATE OF SERVICE.wpd

2