WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | *ANSWER* |
| Plaintiff, | |
| vs. | Civil No. CV-09-2616 |
| RICK FOELLER and NATALIE FOELLER, | The Honorable Jon J. Shindurling |
| Defendants. | |

Defendants Rick Foeller and Natalie Foeller (collectively, "Defendants"), answer

the enumerated paragraphs of Plaintiff's Complaint as follows:

1.     Admit that Melaleuca, Inc., is an Idaho corporation with its principal place

of business in Bonneville County, Idaho.  Defendants deny any allegation or implication that

their actions have injured Plaintiff in any way and, therefore, deny the second sentence.

2.     Admit.

3.     Admit that Defendants have maintained business contacts with the State of

Idaho; have contracted with Melaleuca, Inc., in the State of Idaho; have been trained in the State

of Idaho; and have sent money to and received products and commissions from the State of Idaho. Deny that they have, or any implication that they have, engaged in any actions justifying or providing a legal or factual basis for Plaintiff's claims, or that they have received "substantial" commissions. Admit that Defendants are personally subject to the jurisdiction of Idaho courts. Deny all other allegations not expressly admitted.

4.   Deny.

5.   Admit.

6.   Defendants deny any implication that they have not fully complied with all obligations imposed upon them by their IMEA and/or Melaleuca's applicable policies, but otherwise admit paragraph 6.

7.   Admit that Defendants terminated their IMEA in November 2008 and that shortly thereafter Melaleuca informed Defendants that Melaleuca believed Defendants had violated the terms of the IMEA. Deny all other allegations.

8.   Deny.

9.   Deny.

10.   Deny.

11.   Deny.

12.   Deny.

## GENERAL DENIAL

Defendants deny generally and specifically each and every allegation set forth in the Complaint not expressly admitted herein, including all allegations set forth in the associated prayer for relief.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff is the breaching party.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff changed its compensation plan.

## FOURTH AFFIRMATIVE DEFENSE

Accord and satisfaction, payment, release and any other defense available under Idaho Rule of Civil Procedure 8(c).

## FIFTH AFFIRMATIVE DEFENSE

Waiver, estoppel, and unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert additional affirmative defenses which may arise as discovery progresses or otherwise in the course of this litigation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's policies and procedures violate public policy and are otherwise too broad and act as an unreasonable restrain on trade.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff enforces and applies its policies and procedures in an arbitrary and capricious manner.

WHEREFORE, Defendants request that Plaintiff's Complaint be dismissed, that it take nothing thereby, that Defendants be awarded their costs and attorneys' fees and for such other and further relief as the Court deems just and proper.

DATED this 6th day of August, 2009.

WOOD CRAPO LLC

By _____

Richard J. Armstrong
60 E. South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com
*Attorneys for Defendants*

4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 6th day of August, 2009, I caused to be mailed in the United States mail, a true and correct copy of the foregoing *ANSWER* to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
> *Attorneys for Plaintiff*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.ANSWER.wpd

5

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, ID  83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) | Case No. CV-09-2616 |
| Plaintiff, | ) ) | |
| v. | ) ) | NOTICE TO TAKE DEPOSITION (DUCES TECUM) |
| RICK AND NATALIE FOELLER, individuals, | ) ) ) | |
| Defendants. | ) ) | |

PLEASE TAKE NOTICE that at 2:00 o'clock p.m. on the 4th of September, 2009, at Thomsen Stephens Law Offices, PLLC, 2635 Channing Way, Idaho Falls, Idaho, the plaintiff in the above-entitled action will take the deposition of Rick Foeller.

The deposition will be taken upon oral examination pursuant to the Rules of Civil Procedure before a notary public and qualified court reporter. The oral examination will continue from day to day until completed. You are invited to attend and cross examine.

1 -    NOTICE TO TAKE DEPOSITION (DUCES TECUM)

Pursuant to Rule 30(b), the deponent is required to bring to the deposition all documents listed below:

1. All documents relating to the deponent's business organization (i.e. "upline" and "downline") affiliated with Max International ("Max"). This includes but is not limited to all documents listing (1) people or entities whose activities in relation to Max have any effect on commissions, bonuses, or other potential payments Max might make to the deponent, and/or (2) people or entities who have the potential to receive commissions, bonuses, or other potential payments Max that can be affected in any way by the deponent's activities in relation to Max.

2. All documents relating to any business organization ("upline" and "downline") affiliated with Max International that is owned, controlled, or directed in any way by any person or entity who is in any way related to, owned by, controlled by, directed by, or affiliated with the deponent.

3. All documents relating to any communication regarding Max International the deponent has had with any person or entity that has been a Melaleuca customer or marketing executive within the past 12 months.

DEFINITIONS: For purposes of the numbered paragraphs above, the term "document" shall mean any kind of written, graphic, symbolic, audio- or video-recorded, photographic, computer-generated, or computer- or electronically-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in the deponent's actual or constructive possession, custody, care, or control, or that are otherwise available to the deponent. Furthermore, the term "document" shall include all drafts,

2 -    NOTICE TO TAKE DEPOSITION (DUCES TECUM)

whether used or not, including but not limited to all forms of hard copy materials, electronic

records, correspondence, e-mail messages, e-mail message attachments, recordings of

conversations, communications, records of communications, and the like.   In addition, the

deponent is required to bring to the deposition copies of all electronic documents in their native

formats on compact disk or jump drive.

INSTRUCTIONS:  Pursuant to Rule 45(b), the documents requested above must be produced as

they are kept in the usual course of business or shall be organized and labeled to correspond with

the foregoing numbered requests.

DATED this 20th day of August, 2009.

THOMSEN STEPHENS LAW OFFICES, P.L.L.C.

By:_____

for Curt R. Thomsen, Esq.

3 -     NOTICE TO TAKE DEPOSITION (DUCES TECUM)

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on the 20th day of August, 2009, I caused a true and correct copy of the foregoing **NOTICE TO TAKE DEPOSITION (DUCES TECUM)** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon or by hand delivering or by transmitting by facsimile as set forth below.

RICHARD J. ARMSTRONG, ESQ          [X] Mail
500 EAGLE GATE TOWER                      [ ] Hand Delivery
SALT LAKE CITY, UT  84111              [X] Facsimile
FAX: (801) 366-6061

T&T REPORTING                               [X] Facsimile
525 PARK AVENUE
P O BOX 51020
IDAHO FALLS ID 83405-1020
FAX: 529-5496

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
        For Curt R. Thomsen, Esq.

4  -     NOTICE TO TAKE DEPOSITION (DUCES TECUM)

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

   Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
## STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) Case No. CV-09-2616 ) |
| Plaintiff, | ) ) |
| v. | ) NOTICE TO TAKE DEPOSITION ) Rule 30 (b)(6) |
| RICK AND NATALIE FOELLER, individuals, | ) ) |
| Defendants. | ) ) |

   PLEASE TAKE NOTICE THAT ON THE 9TH day of September, 2009 at the

offices of Manning Curtis Bradshaw & Bednar LLC, 170 South Main Street, Suite 900,

Salt Lake City, Utah Plaintiff will take the deposition of Max International, Inc. a

corporation, pursuant to Rule of Civil Procedure 30(b)(6).

   Pursuant to Rule 30(b)(6), deponent is required to designate one or more officers,

directors, managing agents, or other persons who consent to testify on the organization's

behalf with respect to the topics set forth in this subpoena. The persons so designated

shall testify as to matters known or reasonably available to the organization.

1 -   NOTICE TO TAKE DEPOSITION

DEPONENT IS REQUIRED to designate one or more persons to answer questions on behalf of the organization regarding the following topics:

**DEPOSITION TOPIC 1:** Any and all agreements of whatsoever kind or nature between Max International, LLC ("Max Int'l") and any of the following:

    a. Defendants Rick and/or Natalie Foeller and/or any member of Mr. or Ms. Foeller's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Foeller;

    b. Laraine Agren and/or any member of Ms. Agren's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Ms. Agren;

    c. Gwendolyn and/or Ledell Miles and/or any member of Mr. or Ms. Miles' household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Miles;

    d. James and/or Sonia Atchison and/or any member of Mr. or Ms. Atchison's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Atchison;

    e. Jeff and/or Holly LaChappell and/or any member of Mr. or Ms. LaChappell's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. LaChappell;

    f. Chuck and/or Cheryl Alimena and/or any member of Mr. or Ms. Alimena's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Alimena;

    g. Any other person who is currently a Melaleuca Marketing Executive or was a Melaleuca Marketing Executive during the time beginning 12 months prior to the time of the Foeller's enrollment as Associates with Max Int'l and ending on the date and time of your deposition.

    h. Any household member or family member of a person meeting the description set forth in subparagraph g.

    i. Any entity controlled or owned in whole or in part by a person meeting the description set forth in subparagraph g.

2 -   NOTICE TO TAKE DEPOSITION

**DEPOSITION TOPIC 2:**    Any and all documents produced in response to this subpoena, including the background, origin, and interpretation of the documents.

**DEPOSITION TOPIC 3:**    Max Int'l's knowledge of, participation in, or advice regarding any Max Int'l- or Melaleuca-related activities of any person or entity mentioned or described in Deposition Topic 1.

DEPONENT IS FURTHER REQUIRED  to bring  the following items and documents to the deposition as per the Subpoena served on Deponent, a copy of which is attached hereto.

**PRODUCTION 1:**    All documents constituting, concerning, evidencing, or relating in any way to any person or entity mentioned or described in Deposition Topic 1.

**PRODUCTION 2:**    All documents concerning or relating in any way to Melaleuca, Inc., including but not limited to all emails, recordings, documents, or memoranda, including any and all drafts thereof, which relate to or mention Melaleuca, Inc. or its employees, its Marketing Executives, former Marketing Executives, products, compensation plan, or business.

**PRODUCTION 3:**   Documents sufficient to identify any and all persons or entities in the Max Int'l business organization(s) (e.g., "uplines or downlines") of any person or entity mentioned or described in Deposition Topic 1.  This includes but is not limited to documents identifying all: (1) people or entities whose activities have or could have any effect on commissions, bonuses, or other potential payments by Max Int'l to any person or entity mentioned or described in Deposition Topic 1; and (2) people or entities whose commissions, bonuses, or other potential payments from Max Int'l could be

affected in any way by the activities of any person or entity mentioned or described in Deposition Topic 1.

**PRODUCTION 4:**   Documents sufficient to identify any and all payments received from Max Int'l by any person mentioned or described in Deposition Topic 1, and the basis therefore.

For purposes of the numbered paragraphs above, the term "document" shall mean any kind of written, graphic, symbolic, recorded, photographic, computer-generated, or computer-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in deponents actual or constructive possession, custody, care, or control, or that are otherwise available to deponent.  Furthermore, the term "document" shall include all drafts, whether used or not, including but no limited to all forms of hard copy materials, electronic records, correspondence, e-mail messages, e-mail message attachments, recordings of conversations, communications, records of communications, and the like.  The term "you" and "your" as used herein includes all of your agents, employees, representatives (including insurers), investigators, consultants, and attorneys. In addition,  deponent is required to bring to the deposition copies of all electronic documents in their native formats on compact disk or jump drive.

DATED this ⅔⁵ day of August, 2009.

THOMSEN STEPHENS LAW OFFICES

By: _____
    T. Jason Wood, Esq.

4 -    NOTICE TO TAKE DEPOSITION

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on the 25th day of August, 2009, I caused a true and correct copy of the foregoing **NOTICE TO TAKE DEPOSITION** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon or by hand delivering or by transmitting by facsimile as set forth below.

RICHARD J. ARMSTRONG, ESQ                    [X] Mail
500 EAGLE GATE TOWER                          [ ] Hand Delivery
SALT LAKE CITY, UT  84111                     [X] Facsimile
FAX: (801) 366-6061

DEPOMAX                                       [X] Facsimile
FAX: 801-328-1189

DATED this _____ day of August, 2009.

THOMSEN STEPHENS LAW OFFICES,

By:_____
       T. Jason Wood, Esq.

5 -     NOTICE TO TAKE DEPOSITION

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

    Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
## STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | Case No. CV-09-2616 |
|     Plaintiff, | |
| v. | SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS |
| RICK AND NATALIE FOELLER, individuals, | |
|     Defendants. | |

## THE STATE OF IDAHO SENDS GREETINGS TO

## MAX INTERNATIONAL, LLC

    YOU ARE HEREBY COMMANDED to appear at Manning Curtis Bradshaw &

Bednar LLC, 170 South Main Street, Suite 900, Salt Lake City, Utah on Wednesday,

**September 9, 2009, at 9:00 AM**, as a witness in the above entitled action for the purpose

of your deposition being taken at the request of the plaintiff, pursuant to Utah Rule of

Civil Procedure 30(b)(6).

1 -    SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

    Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) | Case No. CV-09-2616 |
|     Plaintiff, | ) ) | |
|     v. | ) ) | NOTICE TO TAKE DEPOSITION Rule 30 (b)(6) |
| RICK AND NATALIE FOELLER, individuals, | ) ) ) | |
|     Defendants. | ) ) | |

PLEASE TAKE NOTICE THAT ON THE 9TH day of September, 2009 at the

offices of  Manning Curtis Bradshaw & Bednar LLC, 170 South Main Street, Suite 900,

Salt Lake City, Utah Plaintiff will take the deposition of Max International, Inc. a

corporation, pursuant to Rule of Civil Procedure 30(b)(6).

Pursuant to Rule 30(b)(6), deponent is required to designate one or more officers,

directors, managing agents, or other persons who consent to testify on the organization's

behalf with respect to the topics set forth in this subpoena. The persons so designated

shall testify as to matters known or reasonably available to the organization.

1 -    NOTICE TO TAKE DEPOSITION

DEPONENT IS   REQUIRED to designate one or more persons to answer questions on behalf of the organization regarding the following topics:

**DEPOSITION TOPIC 1:**   Any and all agreements of whatsoever kind or nature between Max International, LLC ("Max Int'l") and any of the following:

a.  Defendants Rick and/or Natalie Foeller and/or any member of Mr. or Ms. Foeller's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Foeller;

b.  Laraine Agren and/or any member of Ms. Agren's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Ms. Agren;

c.  Gwendolyn  and/or Ledell Miles and/or any member of Mr. or Ms. Miles' household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Miles;

d.  James and/or Sonia Atchison and/or any member of Mr. or Ms. Atchison's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Atchison;

e.  Jeff and/or Holly LaChappell and/or any member of Mr. or Ms. LaChappell's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. LaChappell;

f.  Chuck and/or Cheryl Alimena and/or any member of Mr. or Ms. Alimena's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Alimena;

g.  Any other person who is currently a Melaleuca Marketing Executive or was a Melaleuca Marketing Executive during the time beginning 12 months prior to the time of the Foeller's enrollment as Associates with Max Int'l and ending on the date and time of your deposition.

h.  Any household member or family member of a person meeting the description set forth in subparagraph g.

i.  Any entity controlled or owned in whole or in part by a person meeting the description set forth in subparagraph g.

2 -    NOTICE TO TAKE DEPOSITION

**DEPOSITION TOPIC 2:**   Any and all documents produced in response to this subpoena, including the background, origin, and interpretation of the documents.

**DEPOSITION TOPIC 3:**   Max Int'l's knowledge of, participation in, or advice regarding any Max Int'l- or Melaleuca-related activities of any person or entity mentioned or described in Deposition Topic 1.

DEPONENT IS FURTHER REQUIRED   to bring   the following items and documents to the deposition as per the Subpoena served on Deponent, a copy of which is attached hereto.

**PRODUCTION 1:**   All documents constituting, concerning, evidencing, or relating in any way to any person or entity mentioned or described in Deposition Topic 1.

**PRODUCTION 2:**   All documents concerning or relating in any way to Melaleuca, Inc., including but not limited to all emails, recordings, documents, or memoranda, including any and all drafts thereof, which relate to or mention Melaleuca, Inc. or its employees, its Marketing Executives, former Marketing Executives, products, compensation plan, or business.

**PRODUCTION 3:**   Documents sufficient to identify any and all persons or entities in the Max Int'l business organization(s) (e.g., "uplines or downlines") of any person or entity mentioned or described in Deposition Topic 1. This includes but is not limited to documents identifying all: (1) people or entities whose activities have or could have any effect on commissions, bonuses, or other potential payments by Max Int'l to any person or entity mentioned or described in Deposition Topic 1; and (2) people or entities whose commissions, bonuses, or other potential payments from Max Int'l could be

3 -    NOTICE TO TAKE DEPOSITION

affected in any way by the activities of any person or entity mentioned or described in Deposition Topic 1.

**PRODUCTION 4:**   Documents sufficient to identify any and all payments received from Max Int'l by any person mentioned or described in Deposition Topic 1, and the basis therefore.

For purposes of the numbered paragraphs above, the term "document" shall mean any kind of written, graphic, symbolic, recorded, photographic, computer-generated, or computer-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in deponents actual or constructive possession, custody, care, or control, or that are otherwise available to deponent. Furthermore, the term "document" shall include all drafts, whether used or not, including but no limited to all forms of hard copy materials, electronic records, correspondence, e-mail messages, e-mail message attachments, recordings of conversations, communications, records of communications, and the like. The term "you" and "your" as used herein includes all of your agents, employees, representatives (including insurers), investigators, consultants, and attorneys. In addition,   deponent is required to bring to the deposition copies of all electronic documents in their native formats on compact disk or jump drive.

DATED this 25 day of August, 2009.

THOMSEN STEPHENS LAW OFFICES

By:

T. Jason Wood, Esq.

4 -    NOTICE TO TAKE DEPOSITION

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on the 25th day of August, 2009, I caused a true and correct copy of the foregoing **NOTICE TO TAKE DEPOSITION** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon or by hand delivering or by transmitting by facsimile as set forth below.

RICHARD J. ARMSTRONG, ESQ          [X] Mail
500 EAGLE GATE TOWER               [ ] Hand Delivery
SALT LAKE CITY, UT 84111           [X] Facsimile
FAX: (801) 366-6061

DEPOMAX                            [X] Facsimile
FAX: 801-328-1189

DATED this _____ day of August, 2009.

THOMSEN STEPHENS LAW OFFICES,

By:_____
      T. Jason Wood, Esq.

5 -    NOTICE TO TAKE DEPOSITION

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

    Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) )  ) | Case No. CV-09-2616 |
| Plaintiff, | ) ) | |
| v. | ) ) | SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS |
| RICK AND NATALIE FOELLER, individuals, | ) ) ) | |
| Defendants. | ) ) | |

THE STATE OF IDAHO SENDS GREETINGS TO

**MAX INTERNATIONAL, LLC**

    YOU ARE HEREBY COMMANDED to appear at Manning Curtis Bradshaw &

Bednar LLC, 170 South Main Street, Suite 900, Salt Lake City, Utah on Wednesday,

**September 9, 2009, at 9:00 AM**, as a witness in the above entitled action for the purpose

of your deposition being taken at the request of the plaintiff, pursuant to Utah Rule of

Civil Procedure 30(b)(6).

1 -    SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

Pursuant to Rule 30(b)(6), you are required to designate one or more officers, directors, managing agents, or other persons who consent to testify on the organization's behalf with respect to the topics set forth in this subpoena. The persons so designated shall testify as to matters known or reasonably available to the organization.

YOU ARE REQUIRED to designate one or more persons to answer questions on behalf of the organization regarding the following topics:

**DEPOSITION TOPIC 1:** Any and all agreements of whatsoever kind or nature between Max International, LLC ("Max Int'l") and any of the following:

a. Defendants Rick and/or Natalie Foeller and/or any member of Mr. or Ms. Foeller's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Foeller;

b. Laraine Agren and/or any member of Ms. Agren's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Ms. Agren;

c. Gwendolyn and/or Ledell Miles and/or any member of Mr. or Ms. Miles' household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Miles;

d. James and/or Sonia Atchison and/or any member of Mr. or Ms. Atchison's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Atchison;

e. Jeff and/or Holly LaChappell and/or any member of Mr. or Ms. LaChappell's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. LaChappell;

f. Chuck and/or Cheryl Alimena and/or any member of Mr. or Ms. Alimena's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Alimena;

2 -    SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

g. Any other person who is currently a Melaleuca Marketing Executive or was a Melaleuca Marketing Executive during the time beginning 12 months prior to the time of the Foeller's enrollment as Associates with Max Int'l and ending on the date and time of your deposition.

h. Any household member or family member of a person meeting the description set forth in subparagraph g.

i. Any entity controlled or owned in whole or in part by a person meeting the description set forth in subparagraph g.

**DEPOSITION TOPIC 2:**   Any and all documents produced in response to this subpoena, including the background, origin, and interpretation of the documents.

**DEPOSITION TOPIC 3:**   Max Int'l's knowledge of, participation in, or advice regarding any Max Int'l- or Melaleuca-related activities of any person or entity mentioned or described in Deposition Topic 1.

YOU ARE FURTHER COMMANDED to bring with you the following items and documents:

**REQUEST FOR PRODUCTION 1:**   All documents constituting, concerning, evidencing, or relating in any way to any person or entity mentioned or described in Deposition Topic 1.

**REQUEST FOR PRODUCTION 2:**   All documents concerning or relating in any way to Melaleuca, Inc., including but not limited to all emails, recordings, documents, or memoranda, including any and all drafts thereof, which relate to or mention Melaleuca, Inc. or its employees, its Marketing Executives, former Marketing Executives, products, compensation plan, or business.

3 -    SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

**REQUEST FOR PRODUCTION 3:**  Documents sufficient to identify any and all persons or entities in the Max Int'l business organization(s) (e.g., "uplines or downlines") of any person or entity mentioned or described in Deposition Topic 1.  This includes but is not limited to documents identifying all: (1) people or entities whose activities have or could have any effect on commissions, bonuses, or other potential payments by Max Int'l to any person or entity mentioned or described in Deposition Topic 1; and (2) people or entities whose commissions, bonuses, or other potential payments from Max Int'l could be affected in any way by the activities of any person or entity mentioned or described in Deposition Topic 1.

**REQUEST FOR PRODUCTION 4:**  Documents sufficient to identify any and all payments received from Max Int'l by any person mentioned or described in Deposition Topic 1, and the basis therefore.

For purposes of the numbered paragraph above, the term "document" shall mean any kind of written, graphic, symbolic, recorded, photographic, computer-generated, or computer-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in your actual or constructive possession, custody, care, or control, or that are otherwise available to you.  Furthermore, the term "document" shall include all drafts, whether used or not, including but no limited to all forms of hard copy materials, electronic records, correspondence, e-mail messages, e-mail message attachments, recordings of conversations, communications, records of communications, and the like.  The term

4 -   SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

"you" and "your" as used herein includes all of your agents, employees, representatives (including insurers), investigators, consultants, and attorneys. In addition,   you are required to bring to the deposition copies of all electronic documents in their native formats on compact disk or jump drive.

YOU ARE FURTHER NOTIFIED that if you fail to appear at the place and time specified above, you may be held in contempt of court, and the aggrieved party may recover from you all damages which it may sustain by your failure to attend as a witness.

DATED this 25 day of August, 2009.

THOMSEN STEPHENS LAW OFFICES

By: _____

T. Jason Wood, Esq.
Licensed Attorney in the State of Idaho

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on the 25th day of August, 2009, I caused a true and correct copy of the foregoing **SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon or by hand delivering or by transmitting by facsimile as set forth below.

RICHARD J. ARMSTRONG, ESQ            [X] Mail
500 EAGLE GATE TOWER                 [ ] Hand Delivery
SALT LAKE CITY, UT 84111             [X] Facsimile
FAX: (801) 366-6061

DATED this 25 day of August, 2009.

THOMSEN STEPHENS LAW OFFICES,

By:_____
        T. Jason Wood, Esq.

6 -    SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

| | |
|---|---|
| My Name | Brent V. Manning<br>Manning Curtis Bradshaw &<br>Bednar LLC |
| Address | 170 South Main Street, #900<br>Salt Lake City, UT  84101 |
| Phone | 801.363.5678 |
| Email | bmanning@mc2b.com |

I am the ☐ Plaintiff/Petitioner
☐ Defendant/Respondent
x Attorney for the Plaintiff/Petitioner
Utah Bar number is 2075

---

In the District Court of Utah

Third Judicial District, Salt Lake County

Court Address:  450 South State Street, Salt Lake City, UT  84114

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>v.<br><br>RICK AND NATALIE FOELLER, individuals,<br><br>Defendants. | **Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act**<br><br>Idaho Case Number:  CV-09-2616<br><br>Utah Case Number: _____<br><br>Judge _____<br><br>Commissioner _____ |

**Instructions:** You must attach the following records and forms if they are not already on file with the court.

   X    Proposed Utah Subpoena and all required supporting records and forms
   X    The foreign Subpoena
   X    The names, addresses and telephone numbers of all attorneys of record
          and of any self-represented party

(1)     X  I request that the court issue a Subpoena incorporating the terms of the foreign Subpoena issued by or on behalf of the court in which the action is pending.

(2)     X The district court of this judicial district is permitted to issue a Utah Subpoena because this is the district in which discovery is sought to be conducted.

(3)     X The court in which this action is pending is a court of record in Idaho, a state that has enacted the Uniform Interstate Depositions and Discovery Act or provisions substantially similar to the uniform act.

(4)     The foreign Subpoena requires the person named to: (check at least one)

   X Attend and give testimony at a deposition
   X Produce and permit inspection and copying of designated books, documents, records, electronically stored information, or tangible things in the possession, custody, or control of the person
   ☐ Permit inspection of premises under the control of the person.

(5)     X The foreign Subpoena is attached to this Application.

(6)     X The names, addresses and telephone numbers of all attorneys of record and of any self-represented party are attached to this Application.


I declare under criminal penalty of Utah Code Section 78B-5-705 that this Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act is true and correct.

Date _____08/25/2009_____   Sign here ➔ _____

                                    Typed or printed name _____ Brent V. Manning, Attorney for Plaintiff

## Certificate of Service

I certify that I served a copy of this Application for Subpoena under the Utah Uniform Interstate Depositions and Discovery Act on the following people.

| Person's Name | Method of Service | Served at this Address | Served on this Date |
|---|---|---|---|
| Richard J. Armstrong, Esq. (Other Party or Attorney) | X Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | 500 Eagle Gate Tower Salt Lake City, UT 84111 | 08/25/2009 |
| (Clerk of Court) | ☐ Mail<br>X Hand Delivery<br>☐ Electronic File | 450 South State Street Salt Lake City, UT 84114 | 08/25/2009 |
| Curt R. Thomsen, Esq. T. Jason Wood, Esq. Attorneys for Plaintiff | X Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | 2635 Channing Way Idaho Falls, ID 83404 | 08/25/2009 |
| | ☐ Mail<br>☐ Hand Delivery<br>☐ Fax (Person agreed to service by fax.)<br>☐ Email (Person agreed to service by email.)<br>☐ Left at business (With person in charge or in receptacle for deliveries.)<br>☐ Left at home (With person of suitable age and discretion residing there.) | | |

Date _____08/25/2009_____     Sign here➤ _____

Typed or printed name _____Brent V. Manning, Attorney for Plaintiff_____

## NAMES, ADDRESSES AND TELEPHONE NUMBERS
## OF ALL ATTORNEYS OF RECORD

Curt R. Thomsen, Esq.
T. Jason Wood, Esq.
2635 Channing Way
Idaho Falls, ID  83404
Attorneys for Plaintiff


Richard J. Armstrong, Esq.
500 Eagle Gate Tower
Salt Lake City, UT  84111
Attorney for Defendant

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

     Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) | Case No. CV-09-2616 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS |
| RICK AND NATALIE FOELLER, individuals, | ) ) ) | |
| Defendants. | ) ) | |

THE STATE OF IDAHO SENDS GREETINGS TO

**MAX INTERNATIONAL, LLC**

YOU ARE HEREBY COMMANDED to appear at Manning Curtis Bradshaw &

Bednar LLC, 170 South Main Street, Suite 900, Salt Lake City, Utah on Wednesday,

**September 9, 2009, at 9:00 AM**, as a witness in the above entitled action for the purpose

of your deposition being taken at the request of the plaintiff, pursuant to Utah Rule of

Civil Procedure 30(b)(6).

1 -    SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

Pursuant to Rule 30(b)(6), you are required to designate one or more officers, directors, managing agents, or other persons who consent to testify on the organization's behalf with respect to the topics set forth in this subpoena. The persons so designated shall testify as to matters known or reasonably available to the organization.

YOU ARE REQUIRED to designate one or more persons to answer questions on behalf of the organization regarding the following topics:

**DEPOSITION TOPIC 1:**  Any and all agreements of whatsoever kind or nature between Max International, LLC ("Max Int'l") and any of the following:

    a. Defendants Rick and/or Natalie Foeller and/or any member of Mr. or Ms. Foeller's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Foeller;

    b. Laraine Agren and/or any member of Ms. Agren's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Ms. Agren;

    c. Gwendolyn and/or Ledell Miles and/or any member of Mr. or Ms. Miles' household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Miles;

    d. James and/or Sonia Atchison and/or any member of Mr. or Ms. Atchison's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Atchison;

    e. Jeff and/or Holly LaChappell and/or any member of Mr. or Ms. LaChappell's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. LaChappell;

    f. Chuck and/or Cheryl Alimena and/or any member of Mr. or Ms. Alimena's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Alimena;

g. Any other person who is currently a Melaleuca Marketing Executive or was a Melaleuca Marketing Executive during the time beginning 12 months prior to the time of the Foeller's enrollment as Associates with Max Int'l and ending on the date and time of your deposition.

h. Any household member or family member of a person meeting the description set forth in subparagraph g.

i. Any entity controlled or owned in whole or in part by a person meeting the description set forth in subparagraph g.

**DEPOSITION TOPIC 2:**  Any and all documents produced in response to this subpoena, including the background, origin, and interpretation of the documents.

**DEPOSITION TOPIC 3:** Max Int'l's knowledge of, participation in, or advice regarding any Max Int'l- or Melaleuca-related activities of any person or entity mentioned or described in Deposition Topic 1.

YOU ARE FURTHER COMMANDED to bring with you the following items and documents:

**REQUEST FOR PRODUCTION 1:**  All documents constituting, concerning, evidencing, or relating in any way to any person or entity mentioned or described in Deposition Topic 1.

**REQUEST FOR PRODUCTION 2:**  All documents concerning or relating in any way to Melaleuca, Inc., including but not limited to all emails, recordings, documents, or memoranda, including any and all drafts thereof, which relate to or mention Melaleuca, Inc. or its employees, its Marketing Executives, former Marketing Executives, products, compensation plan, or business.

3 -     SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

**REQUEST FOR PRODUCTION 3:**   Documents sufficient to identify any and all persons or entities in the Max Int'l business organization(s) (e.g., "uplines or downlines") of any person or entity mentioned or described in Deposition Topic 1. This includes but is not limited to documents identifying all: (1) people or entities whose activities have or could have any effect on commissions, bonuses, or other potential payments by Max Int'l to any person or entity mentioned or described in Deposition Topic 1; and (2) people or entities whose commissions, bonuses, or other potential payments from Max Int'l could be affected in any way by the activities of any person or entity mentioned or described in Deposition Topic 1.

**REQUEST FOR PRODUCTION 4:**   Documents sufficient to identify any and all payments received from Max Int'l by any person mentioned or described in Deposition Topic 1, and the basis therefore.

For purposes of the numbered paragraph above, the term "document" shall mean any kind of written, graphic, symbolic, recorded, photographic, computer-generated, or computer-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in your actual or constructive possession, custody, care, or control, or that are otherwise available to you. Furthermore, the term "document" shall include all drafts, whether used or not, including but no limited to all forms of hard copy materials, electronic records, correspondence, e-mail messages, e-mail message attachments, recordings of conversations, communications, records of communications, and the like. The term

4 -   SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

"you" and "your" as used herein includes all of your agents, employees, representatives (including insurers), investigators, consultants, and attorneys. In addition,  <u>you are required to bring to the deposition copies of all electronic documents in their native formats on compact disk or jump drive</u>.

YOU ARE FURTHER NOTIFIED that if you fail to appear at the place and time specified above, you may be held in contempt of court, and the aggrieved party may recover from you all damages which it may sustain by your failure to attend as a witness.

DATED this 25 day of August, 2009.

THOMSEN STEPHENS LAW OFFICES

By: _____
T. Jason Wood, Esq.
Licensed Attorney in the State of Idaho

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on the 25th day of August, 2009, I caused a true and correct copy of the foregoing **SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon or by hand delivering or by transmitting by facsimile as set forth below.

RICHARD J. ARMSTRONG, ESQ      [X] Mail
500 EAGLE GATE TOWER      [ ] Hand Delivery
SALT LAKE CITY, UT  84111      [X] Facsimile
FAX: (801) 366-6061

DATED this 25 day of August, 2009.

THOMSEN STEPHENS LAW OFFICES,

By:_____
       T. Jason Wood, Esq.

6 -     SUBPOENA TO APPEAR AND PRODUCE DOCUMENTS

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES PLLC
2635 Channing Way
Idaho Falls ID 83404
Telephone (208)522-1230
Fax (208)522-1277

   Attorneys for Plaintiff

### IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
### STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) | Case No. CV-09-2616 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NOTICE TO TAKE DEPOSITION Rule 30 (b)(6) |
| RICK AND NATALIE FOELLER, individuals, | ) ) ) | |
| Defendants. | ) ) ) | |

   PLEASE TAKE NOTICE THAT ON THE 9TH day of September, 2009 at the offices of Manning Curtis Bradshaw & Bednar LLC, 170 South Main Street, Suite 900, Salt Lake City, Utah Plaintiff will take the deposition of Max International, Inc. a corporation, pursuant to Rule of Civil Procedure 30(b)(6).

   Pursuant to Rule 30(b)(6), deponent is required to designate one or more officers, directors, managing agents, or other persons who consent to testify on the organization's behalf with respect to the topics set forth in this subpoena. The persons so designated shall testify as to matters known or reasonably available to the organization.

1 -   NOTICE TO TAKE DEPOSITION

DEPONENT IS   REQUIRED to designate one or more persons to answer questions on behalf of the organization regarding the following topics:

**DEPOSITION TOPIC 1:**   Any and all agreements of whatsoever kind or nature between Max International, LLC ("Max Int'l") and any of the following:

a.  Defendants Rick and/or Natalie Foeller and/or any member of Mr. or Ms. Foeller's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Foeller;

b.  Laraine Agren and/or any member of Ms. Agren's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Ms. Agren;

c.  Gwendolyn  and/or Ledell Miles and/or any member of Mr. or Ms. Miles' household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Miles;

d.  James and/or Sonia Atchison and/or any member of Mr. or Ms. Atchison's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Atchison;

e.  Jeff and/or Holly LaChappell and/or any member of Mr. or Ms. LaChappell's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. LaChappell;

f.  Chuck and/or Cheryl Alimena and/or any member of Mr. or Ms. Alimena's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Alimena;

g.  Any other person who is currently a Melaleuca Marketing Executive or was a Melaleuca Marketing Executive during the time beginning 12 months prior to the time of the Foeller's enrollment as Associates with Max Int'l and ending on the date and time of your deposition.

h.  Any household member or family member of a person meeting the description set forth in subparagraph g.

i.  Any entity controlled or owned in whole or in part by a person meeting the description set forth in subparagraph g.

2 -    NOTICE TO TAKE DEPOSITION

**DEPOSITION TOPIC 2:**   Any and all documents produced in response to this subpoena, including the background, origin, and interpretation of the documents.

**DEPOSITION TOPIC 3:**   Max Int'l's knowledge of, participation in, or advice regarding any Max Int'l- or Melaleuca-related activities of any person or entity mentioned or described in Deposition Topic 1.

DEPONENT IS FURTHER REQUIRED  to bring  the following items and documents to the deposition as per the Subpoena served on Deponent, a copy of which is attached hereto.

**PRODUCTION 1:**   All documents constituting, concerning, evidencing, or relating in any way to any person or entity mentioned or described in Deposition Topic 1.

**PRODUCTION 2:**   All documents concerning or relating in any way to Melaleuca, Inc., including but not limited to all emails, recordings, documents, or memoranda, including any and all drafts thereof, which relate to or mention Melaleuca, Inc. or its employees, its Marketing Executives, former Marketing Executives, products, compensation plan, or business.

**PRODUCTION 3:**  Documents sufficient to identify any and all persons or entities in the Max Int'l business organization(s) (e.g., "uplines or downlines") of any person or entity mentioned or described in Deposition Topic 1. This includes but is not limited to documents identifying all: (1) people or entities whose activities have or could have any effect on commissions, bonuses, or other potential payments by Max Int'l to any person or entity mentioned or described in Deposition Topic 1; and (2) people or entities whose commissions, bonuses, or other potential payments from Max Int'l could be

affected in any way by the activities of any person or entity mentioned or described in Deposition Topic 1.

**PRODUCTION 4:**   Documents sufficient to identify any and all payments received from Max Int'l by any person mentioned or described in Deposition Topic 1, and the basis therefore.

For purposes of the numbered paragraphs above, the term "document" shall mean any kind of written, graphic, symbolic, recorded, photographic, computer-generated, or computer-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in deponents actual or constructive possession, custody, care, or control, or that are otherwise available to deponent.  Furthermore, the term "document" shall include all drafts, whether used or not, including but no limited to all forms of hard copy materials, electronic records, correspondence, e-mail messages, e-mail message attachments, recordings of conversations, communications, records of communications, and the like.  The term "you" and "your" as used herein includes all of your agents, employees, representatives (including insurers), investigators, consultants, and attorneys. In addition, _deponent is required to bring to the deposition copies of all electronic documents in their native formats on compact disk or jump drive._

DATED this 25 day of August, 2009.

THOMSEN STEPHENS LAW OFFICES

By:_____
T. Jason Wood, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on the 25th day of August, 2009, I caused a true and correct copy of the foregoing **NOTICE TO TAKE DEPOSITION** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon or by hand delivering or by transmitting by facsimile as set forth below.

RICHARD J. ARMSTRONG, ESQ          [X] Mail
500 EAGLE GATE TOWER               [ ] Hand Delivery
SALT LAKE CITY, UT  84111          [X] Facsimile
FAX: (801) 366-6061

DEPOMAX                            [X] Facsimile
FAX: 801-328-1189


DATED this 25th day of August, 2009.

THOMSEN STEPHENS LAW OFFICES,

By: _____
        T. Jason Wood, Esq.

**MANNING CURTIS BRADSHAW**
**& BEDNAR LLC**
Brent V. Manning, # 2075
170 South Main Street, Suite 900
Salt Lake City, Utah 84101
Telephone: (801) 363-5678
Facsimile: (801) 364-5678

Attorneys for Plaintiff

---

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT

## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | **RULE 30(b)(6) DEPOSITION SUBPOENA DUCES TECUM TO MAX INTERNATIONAL, LLC** |
| Plaintiff, | |
| v. | **Idaho Case No.: CV-09-2616** |
| RICK AND NATALIE FOELLER, individuals, | **Utah Case No.:** 090914033 |
| Defendants. | |

**TO:   MAX INTERNATIONAL, LLC**
**c/o Fred Ninow, Registered Agent**
**6965 South Union Park Center, Suite 100**
**Salt Lake City, UT 84047**

**YOU ARE COMMANDED** to appear as a witness in the above-entitled action for the purpose

of your deposition being taken upon request of the Plaintiff, pursuant to Utah Rule of Civil Procedure

30(b)(6), at the following place, date, and time:

**PLACE:**     Manning Curtis Bradshaw & Bednar LLC
               170 South Main Street, Suite 900
               Salt Lake City, UT 84101
               (801) 363-5678

**DATE & TIME:**     Wednesday, September 9, 2009; 9:00 a.m.

Pursuant to Rule 30(b)(6), you are required to designate one or more officers, directors, managing agents, or other persons who consent to testify on the organization's behalf with respect to the topics set forth in Exhibit A, attached hereto.  The persons so designated shall testify as to matters known or reasonably available to the organization.

**YOU ARE FURTHER COMMANDED** to produce and permit inspection, at the place, date, and time specified below, any and all documents described within Exhibit B, attached hereto.

**PLACE:**     Manning Curtis Bradshaw & Bednar LLC
               170 South Main Street, Suite 900
               Salt Lake City, UT 84101
               (801) 363-5678

**DATE & TIME:**     Wednesday, September 9, 2009; 9:00 a.m.

DATED this **25** day of August, 2009.

CLERK OF THE COURT

STATE OF UTAH

2

## NOTICE TO PERSONS SERVED WITH A SUBPOENA

**(1) Rights and responsibilities in general.** A subpoena is a court order whether it is issued by the court clerk or by an attorney as an officer of the court. You must comply or file an objection, or you may face penalties for contempt of court. If you are commanded to produce documents or tangible things, the subpoena must be served on you at least 14 days before the date designated for compliance. If you are commanded to appear at a trial, hearing, deposition, or other place, a one-day witness fee must be served with this subpoena. A one-day witness fee is $18.50 plus $1.00 for each 4 miles you have to travel over 50 miles (one direction). When the subpoena is issued on behalf of the United States or Utah, fees and mileage need not be tendered in advance. The witness fee for each subsequent day is $49.00 plus $1.00 for each 4 miles you have to travel over 50 miles (one direction).

**(2) Subpoena to copy and mail documents.** If the subpoena commands you to copy documents and mail the copies to the attorney or party issuing the subpoena, you must organize the copies as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena. The party issuing the subpoena must pay the reasonable cost of copying the documents. You must mail with the copies a declaration under penalty of law stating in substance:

      (A) that you have knowledge of the facts contained in the declaration;
      (B) that the documents produced are a full and complete response to the subpoena;
      (C) that originals or true copies of the original documents have been produced; and
      (D) the reasonable cost of copying the documents.

A declaration form is part of this Notice; you may need to modify it to fit your circumstances.

**(3) Subpoena to appear.** If the subpoena commands you to appear at a trial, hearing, deposition, or for inspection of premises, you must appear at the date, time, and place designated in the subpoena. The trial or hearing will be at the courthouse in which the case is pending. For a deposition or inspection of premises, you can be commanded to appear in only the following counties:

      (A) If you are a resident of Utah, the subpoena may command you to appear in the county:
            in which you reside;
            in which you are employed;
            in which you transact business in person; or
            in which the court orders.
      (B) If you are not a resident of Utah, the subpoena may command you to appear in the county in Utah:
            in which you are served with the subpoena; or
            in which the court orders.

**(4) Subpoena to permit inspection of premises.** If the subpoena commands you to appear and to permit the inspection of premises, you must appear at the date, time, and place designated in the subpoena and do what is necessary to permit the premises to be inspected.

**(5) Subpoena to produce documents or tangible things.** If the subpoena commands you to produce designated documents or tangible things, you must produce the documents or tangible things as you keep them in the ordinary course of business or organize and label them to correspond with the categories in the subpoena. The subpoena may require you to produce the documents at the trial, hearing, or deposition or to mail them to the issuing party or attorney. You need not make copies. The party issuing the subpoena must pay the reasonable cost of copying and producing the documents or tangible things. You must produce with the documents or tangible things a declaration under penalty of perjury stating in substance:

      (A) that you have knowledge of the facts contained in the declaration;
      (B) that the documents or tangible things produced are a full and complete response to the subpoena;
      (C) that the documents are the originals or that a copy is a true copy of the original; and
      (D) the reasonable cost of copying or producing the documents or tangible things.

A declaration form is part of this Notice; you may need to modify it to fit your circumstances.

**(6) Objection to a subpoena.** You must comply with those parts of the subpoena to which you do not object. You may object to all or part of the subpoena if it:

      (A) fails to allow you a reasonable time for compliance (If you are commanded to produce documents or tangible things, the subpoena must be served on you at least 14 days before the date designated for compliance.);
      (B) requires you, as a resident of Utah, to appear at a deposition in a county in which you do not reside, are not employed, or do not transact business in person;
      (C) requires you, as a non-resident of Utah, to appear at a deposition in a county other than the county in which you were served, unless the judge orders otherwise;
      (D) requires you to disclose privileged or other protected matter and no exception or waiver applies;
      (E) requires you to disclose a trade secret or other confidential research, development, or commercial information;
      (F) subjects you to an undue burden; or
      (G) requires you to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

**(7) How to object.** To object to the subpoena, serve the objection upon the party or attorney issuing the subpoena. The name and address of that person should appear in the upper left corner of the subpoena. You must do this before the date for compliance. A form objection is part of this Notice; you may need to modify it to fit your circumstances. Once you have filed the objection, do not comply with the subpoena unless ordered to do so by the court.

**(8) Motion to compel.** After you make a timely written objection, the party or attorney issuing the subpoena might serve you with a motion for an order to compel you to comply and notice of a court hearing. That motion will be reviewed by a judge. You have the right to file a response to the motion, to attend the hearing, and to be heard. You may be represented by a lawyer. If the judge grants the motion, you may ask the judge to impose conditions to protect you.

**(9) Organizations.** An organization that is not a party to the suit and is subpoenaed to appear at a deposition must designate one or more persons to testify on its behalf. The organization may set forth the matters on which each person will testify. Utah Rule of Civil Procedure 30(b)(6).

# EXHIBIT A

**DEPOSITION TOPIC 1:**    Any and all agreements of whatsoever kind or nature between Max

International, LLC ("Max Int'l") and any of the following:

    a.    Defendants Rick and/or Natalie Foeller and/or any member of Mr. or Ms. Foeller's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Foeller;

    b.    Laraine Agren and/or any member of Ms. Agren's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Ms. Agren;

    c.    Gwendolyn and/or Ledell Miles and/or any member of Mr. or Ms. Miles' household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Miles;

    d.    James and/or Sonia Atchison and/or any member of Mr. or Ms. Atchison's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Atchison;

    e.    Jeff and/or Holly LaChappel and/or any member of Mr. or Ms. LaChappell's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. LaChappell;

    f.    Chuck and/or Cheryl Alimena and/or any member of Mr. or Ms. Alimena's household or family and/or any corporation or entity controlled or owned, in whole or in part, by Mr. and/or Ms. Alimena;

    g.    Any other person who is currently a Melaleuca Marketing Executive or was a Melaleuca Marketing Executive during the time beginning 12 months prior to the time of the Foellers' enrollment as Associates with Max Int'l and ending on the date and time of your deposition;

    h.    Any household member of family member of a person meeting the description set forth in subparagraph g; and

    i.    Any entity controlled or owned in whole or in part by a person meeting the description set forth in subparagraph g.

**DEPOSITION TOPIC 2:**    Any and all documents produced in response to this subpoena, including

the background, origin, and interpretation of the documents.

**DEPOSITION TOPIC 3:**    Max Int'l's knowledge of, participation in, or advice regarding any Max

Int'l-related or Melaleuca-related activities of any person or entity mentioned or described within

Deposition Topic 1.

4

# EXHIBIT B

The term "document" shall mean any kind of written, graphic, symbolic, recorded, photographic, computer-generated, or computer-stored information of any kind or nature, however produced or reproduced, as well as electronic sound recordings and written transcripts thereof, that are in your actual or constructive possession, custody, care, or control, or that are otherwise available to you.

Furthermore, the term "document" shall include all drafts, whether used or not, including but not limited to all forms of hard copy materials, electronic records, correspondence, e-mail messages, e-mail message attachments, recordings of conversations, communications, records of communications, and the like.

The term "you" and "your" as used herein includes all of your agents, employees, representatives (including insurers), investigators, consultants, and attorneys. In addition, you are required to bring to the deposition copies of all electronic documents in their native formats on compact disk or jump drive.

**REQUEST FOR PRODUCTION 1:**     All documents constituting, concerning, evidencing, or relating in any way to any person or entity mentioned or described in Deposition Topic 1 within Exhibit A to this subpoena.

**REQUEST FOR PRODUCTION 2:**     All documents concerning or relating in any way to Melaleuca, Inc., including but not limited to all e-mails, recordings, documents, or memoranda, including any and all drafts thereof, which relate to or mention Melaleuca, Inc. or its employees, its Marketing Executives, former Marketing Executives, products, compensation plan, or business.

**REQUEST FOR PRODUCTION 3:**     Documents sufficient to identify any and all persons or entities in the Max Int'l business organization(s) (e.g., "uplines or downlines") of any person mentioned or described in Deposition Topic 1 within Exhibit A to this subpoena. This includes but is not limited to documents identifying all:

   a.     People or entities whose activities have or could have any effect on commissions, bonuses, or other potential payments by Max Int'l to any person or entity mentioned or described within Deposition Topic 1 within Exhibit A to this subpoena; and

b.      People or entities whose commissions, bonuses, or other potential payments from Max

Int'l could be affected in any way by the activities of any person or entity mentioned or

described within Deposition Topic 1 within Exhibit A to this subpoena.

**REQUEST FOR PRODUCTION 4:**      Documents sufficient to identify any and all payments

received from Max Int'l by any person mentioned or described in Deposition Topic 1 within Exhibit A

to this subpoena, and the basis therefore.

## CERTIFICATE OF SERVICE

I hereby certify that I caused a true and correct copy of the foregoing **RULE 30(b)(6)**

**DEPOSITION SUBPOENA DUCES TECUM TO MAX INTERNATIONAL, LLC** to be served in

the method indicated below to the below-named attorney this _25th_ day of August, 2009.

```
___HAND DELIVERY          Richard J. Armstrong, Esq.
_/_U.S. MAIL               500 Eagle Gate Tower
___OVERNIGHT MAIL          Salt Lake City, UT 84111
___FAX TRANSMISSION        Facsimile: 801.366.6061
___E-MAIL TRANSMISSION
```

**MAX INTERNATIONAL, LLC**

---

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

---

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>      Plaintiff,<br><br>   v.<br><br>RICK AND NATALIE FOELLER, individuals,<br><br>      Defendants. | **OBJECTION TO<br>RULE 30(b)(6) DEPOSITION<br>SUBPOENA DUCES TECUM<br>TO MAX INTERNATIONAL, LLC**<br><br>**Idaho Case No.: CV-09-2616**<br><br>**Utah Case No.:** |

---

**Instructions: URCP 45 limits the grounds for an objection. For each of the grounds other than (2) or (3) please provide a full explanation. Attach additional sheets as necessary.**

I have been served with a subpoena in this case and I object because the subpoena:

    [ ] (1) Fails to allow me a reasonable time in which to comply.

    [ ] (2) Requires me, as a resident of Utah, to appear at a deposition in a county in which I do not reside, am not employed, and do not transact business in person.

    [ ] (3) Requires me, as a non-resident of Utah, to appear at a deposition in a county other than the county in which I was served.

    [ ] (4) Requires me to disclose privileged or other protected matter and no exception or waiver applies.

Instructions for (4): If you object to the subpoena for these grounds, you must describe the nature of the document or thing with sufficient specificity to enable the party or attorney to contest your objection.

8

[ ] (5) Requires me to disclose a trade secret or other confidential research, development, or commercial information.

Instructions for (5): If you object to the subpoena for these grounds, you must describe the nature of the document or thing with sufficient specificity to enable the party or attorney to contest your objection.

[ ] (6) Subjects me to an undue burden.

[ ] (7) Requires me to disclose an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study that was not made at the request of a party.

[ ] (8) Other.

On _____(date) I mailed this objection to the party or attorney issuing the subpoena at the following address:

Manning Curtis Bradshaw & Bednar LLC
Attention: Brent V. Manning
170 South Main Street, Suite 900
Salt Lake City, UT 84101

Dated this _____ day of _____, 2009.

_____
Signature
[ ] Person subject to subpoena
[ ] Attorney for person subject to subpoena

MAX INTERNATIONAL, LLC

## IN THE DISTRICT COURT OF THE THIRD JUDICIAL DISTRICT
## IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>    Plaintiff,<br><br>v.<br><br>RICK AND NATALIE FOELLER, individuals,<br><br>    Defendants. | **DECLARATION OF COMPLIANCE WITH RULE 30(b)(6) DEPOSITION SUBPOENA DUCES TECUM TO MAX INTERNATIONAL, LLC**<br><br>**Idaho Case No.: CV-09-2616**<br><br>**Utah Case No.:** |

Under penalty of Utah Code Section 46-5-101, I declare as follows:

(1) I have knowledge of the facts contained in this declaration.

(2) The documents or tangible things copied or produced are a full and complete response to the subpoena.

(3) The documents or tangible things are
    [ ] the originals.
    [ ] copies that are true copies of the originals.

(4) The reasonable cost of copying or producing the documents or tangible things is $_____.

Dated this _____ day of _____, 2009.

_____
Signature
[ ] Person subject to subpoena
[ ] Attorney for person subject to subpoena

10

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

Brinton M. Wilkins
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Utah Bar Number 10713

*Attorneys for Defendants*

BONNEVILLE COUNTY
IDAHO

2009 SEP - 1  AM 11: 36

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) | |
| | ) | |
| Plaintiff, | ) | ***MOTION FOR LIMITED ADMISSION*** |
| | ) | |
| vs. | ) | Civil No. CV-09-2616 |
| | ) | |
| RICK FOELLER and NATALIE | ) | Judge Jon J. Shindurling |
| FOELLER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

The undersigned local counsel, Richard J. Armstrong, petitions the Court for

admission of the undersigned applying counsel, Brinton M. Wilkins, pursuant to Idaho Bar

Commission Rule 222, for the purpose of the above-captioned matter.

Brinton M. Wilkins certifies that he is an active member, in good standing, of the bars of the States of Utah and Arizona, that he maintains the regular practice of law at the above-noted address, and that he is not a resident of the State of Idaho or licensed to practice in Idaho. Mr. Wilkins has been previously admitted in a separate and unrelated matter in Idaho.

Richard J. Armstrong and Brinton M. Wilkins certify that a copy of this motion has been served on all other parties to this matter and that a copy of the motion, accompanied by a $200 fee, has been provided to the Idaho State Bar.

Richard J. Armstrong certifies that the above information is true to the best of his knowledge, after reasonable investigation. Richard J. Armstrong acknowledges that his attendance shall be required at all court proceedings in which Brinton M. Wilkins appears, unless specifically excused by the Court.

DATED this 28th day of August, 2009.


Brinton M. Wilkins
Applying Counsel

Richard J. Armstrong
Local Counsel

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of August, 2009, I caused to be mailed

in the United States mail, a true and correct copy of the foregoing *MOTION FOR LIMITED*

*ADMISSION* to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
>
> *Attorneys for Plaintiff Melaleuca, Inc.*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.MOTION FOR LIMITED ADMISSION-BMW.wpd

3

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

Brinton M. Wilkins
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Utah Bar Number 10713

*Attorneys for Defendants*

7TH JUDICIAL DISTRICT COURT
BONNEVILLE COUNTY, IDAHO

9  SEP -3  P12 :41

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) |
| | ) |
| Plaintiff, | ) ***ORDER GRANTING MOTION FOR*** |
| | ) ***LIMITED ADMISSION*** |
| vs. | ) |
| | ) Civil No. CV-09-2616 |
| RICK FOELLER and NATALIE | ) |
| FOELLER, | ) Judge Jon J. Shindurling |
| | ) |
| Defendants. | ) |

Based upon the Motion for Limited Admission of Brinton M. Wilkins and the consent to

appear as local counsel by Richard J. Armstrong, it is hereby ordered that Brinton M. Wilkins be

admitted pursuant to Idaho Bar Commission Rule 222, for the purpose of the above-captioned matter.

DATED this 3 day of Sept , 2009.

BY THE COURT:

/s/ Jon J. Shindurling

The Honorable Jon J. Shindurling
Seventh Judicial District Judge

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 28th day of August, 2009, I caused to be mailed in the United States mail, a true and correct copy of the foregoing ***ORDER GRANTING MOTION FOR LIMITED ADMISSION*** to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
>
> *Attorneys for Plaintiff Melaleuca, Inc.*

_____Kelly Land_____

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.ORDER-MOTION FOR LIMITED ADMISSION-BMW.wpd

3

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, ID 83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, ) | Case No. CV-09-2616 | |
| ) | | |
| Plaintiff, ) | | |
| ) | NOTICE OF HEARING | |
| v. ) | | |
| ) | | |
| RICK FOELLER and NATALIE FOELLER,) | | |
| ) | | |
| Defendants. ) | | |
| _____ ) | | |

**TO:   ALL PARTIES AND COUNSEL OF RECORD**

PLEASE TAKE NOTICE, that on the 29th day of September, 2009, at 1:30 o'clock p.m., or

as soon thereafter as counsel can be heard in the above entitled court, before the Honorable Jon. J.

Shindurling, the plaintiff, in the above-entitled action, will call up for hearing plaintiff's Motion for

Preliminary Injunction.

DATED this _15_ day of September, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
        T. Jason Wood, Esq.

1 -   NOTICE OF HEARING

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on September 15, 2009, I caused a true and correct copy of the foregoing to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon, by hand delivery, by transmitting by facsimile, or by placing said document in the attorney's courthouse box, as set forth below.

RICHARD J. ARMSTRONG                 [ ] U.S. Mail
500 EAGLE GATE TOWER                 [ ] Hand Delivery
SALT LAKE CITY, UT  84111            [x] Facsimile
FAX: (801) 366-6061                  [ ] Courthouse Box

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
    T. Jason Wood

J:\data\TJW\4550-021\PLEADINGS\008 Ntc hearing.wpd

2 -    NOTICE OF HEARING

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | *CERTIFICATE OF SERVICE OF DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION* |
| Plaintiff, | |
| | |
| vs. | Civil No. CV-09-2616 |
| | |
| RICK FOELLER and NATALIE FOELLER, | The Honorable Jon J. Shindurling |
| | |
| Defendants. | |

I HEREBY CERTIFY that on the 16th day of September, 2009, a true and correct

copy of *DEFENDANTS' SECOND SET OF INTERROGATORIES AND REQUESTS FOR*

*PRODUCTION* was faxed to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
> *Attorneys for Plaintiff*

DATED this 16th day of September, 2009.

WOOD CRAPO LLC

By_____

Richard J. Armstrong
60 E. South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com
*Attorneys for Defendants*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.CERTIFICATE OF SERVICE.DISCOVERY.wpd

2

10|16

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, )<br><br>Plaintiff, )<br><br>vs. )<br><br>RICK FOELLER and NATALIE )<br>FOELLER, )<br><br>Defendants. )<br>)<br>) | ***DEFENDANTS' SECOND SET OF*** <br>***INTERROGATORIES AND*** <br>***REQUESTS FOR PRODUCTION*** <br><br>Civil No. CV-09-2616<br><br>The Honorable Jon J. Shindurling |

Pursuant to Rules 33 and 34 of the Idaho Rules of Civil Procedure, Defendants Rick Foeller and Natalie Foeller ("Defendants"), propound the following Second Set of Interrogatories and Requests for Production to Plaintiff Melaleuca, Inc. ("Melaleuca"), to be answered and produced by Melaleuca within 30 days from the date hereof or within such shorter period as the Court shall order.  The requested documents are to be produced at the offices of Wood Crapo LLC, 500 Eagle Gate Tower, 60 East South Temple Salt Lake City, Utah 84111.

## DEFINITIONS

As used in these Interrogatories and the accompanying Requests for Production of Documents and Things, the terms listed below are defined as follows:

1.      The terms "You," "Your," and "Plaintiff," mean Melaleuca, Inc., including any divisions, departments, subsidiaries, parents, affiliates and predecessors, and their respective present or former officers, directors, employees, owners, attorneys and agents, as well as consultants and any other persons acting or purporting to act on behalf of each such entity or person.

2.      The term "Defendants" means Rick Foeller and/or Natalie Foeller as well as any other persons acting or purporting to act on their behalf.

3.      The terms "person" or "persons" mean any natural person, corporation, partnership, association, organization, or group of natural persons, including but not limited to any employee, officer, director, consultant, independent contractor, agent, attorney or representative of any of them.

4.      The words "document" or "documents" shall be used in their broadest sense and shall include, but are not limited to, any tangible thing capable of storing information, including but not limited to the following items, whether printed, typed or recorded or reproduced by hand or electronically, magnetically, optically or in any graphic manner of any kind or nature however produced or reproduced, whether sent or received or neither, whether within the actual or constructive possession, custody, or control of any agent, employee, consultant, or any other person acting or purporting to act on Your behalf, including drafts and copies bearing notations or marks not found on the original:

2

a.      all letters or other forms of correspondence or communication,

including envelopes, notes, telefaxes, telegrams, cables, electronic mail messages,

telex messages, and telephone messages (including reports, notes, notations and

memoranda of or relating to any telephone conversations or conferences or personal

interviews);

b.      all memoranda, research reports, speeches, reports, financial

statements or reports, appraisals, estimates, notes, transcripts, tabulations, ledgers,

studies, analyses, evaluations, projections, work papers of any type, corporate records

or copies thereof, lists, comparisons, questionnaires, surveys, charts, graphs, maps,

diagrams, summaries, tables, indexes, extracts, statistical records, compilations,

reports and/or summaries of investigations, testing or analyses, marginal notations,

desk calendars, appointment books, diaries, invoice receipts, contracts, insurance

policies;

c.      all books, manuscripts (whether submitted for publication or not),

advertisements (whether submitted for publication or not), press releases, magazines,

newspapers, booklets, brochures, training materials, pamphlets, circulars, bulletins,

notices, speeches, instructions, manuals, and articles;

d.      all minutes, transcripts, notes, presentation material, and memoranda

of meetings;

e.      all photographs, drawings, microfilms, tapes or other recordings,

punch cards, magnetic tapes, magnetic disks, optical or magneto-optical disks, print-

3

outs, and other data compilations from which information can be obtained, and any other information recorded in or on any medium whatsoever;

     f.   all contracts, agreements, understandings, representations, warranties; and

     g.   any and all drafts of the foregoing.

5.    Unless otherwise specified herein, "relates to," "relating to," "refers to" and "referring to" shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request.

6.    To "identify" a person means to state the person's name, business address and telephone number and, in the case of a natural person, his home address, current occupation or job title, and current employer or business affiliation and telephone number or, in the case of a business enterprise, its form of organization, its state or country of incorporation if applicable, its address and principal place of business, executive officer or officers and telephone number.

7.    To "identify" a document means to provide a brief description of the document sufficient to support a request for production, including the general nature of the subject matter, the date, identification of the author(s), addressee(s) and distributee(s), if any, and, if the document comprises or embodies an agreement, the parties to such agreement. In answer to interrogatories requiring identification of any document or documents, such document or documents may be produced by Plaintiff for inspection and copying along with the answers to these interrogatories in lieu of identification provided, however, the interrogatory or interrogatories to which the document responds must be specified.

4

8.     To "identify" a thing means to provide a brief description of the thing sufficient to support a request for production, including any names, numbers, markings, or other identifying characteristics by which Plaintiff understands the thing to be identified.

9.     To "locate" a document or thing means to state, by identifying a complete address, the present whereabouts of the document or thing, and to identify the one or more persons having possession, custody, or control thereof.

10.     The words "and", "and/or", and "or" shall each be deemed to refer to both their conjunctive and disjunctive meanings.  The words "all" and "any" shall mean "each and every" as well as "any one."  The masculine gender shall be deemed to include the feminine and the neuter where appropriate, the singular, the plural, and vice versa.

11.     The term "Policy 20" means Policy 20 governing "Non-Solicitation and Conflicts of Interest" of Plaintiff Melaleuca's *Statement of Policies and Definitions of Terms*, and which is the subject of this litigation.  A true and correct copy of the current Policy 20 is attached hereto as Exhibit 1 and incorporated herein by this reference.

## INSTRUCTIONS

1.     These Interrogatories and the accompanying Requests for Production of Documents and Things are of continuing effect, and to the extent that at any time after answering thereof You become aware of or acquire additional information responsive to these Interrogatories and the accompanying Requests for Production of Documents and Things, such information shall be produced promptly.

2.     References to natural persons shall be deemed to include, in addition to the person named, his or her agents or assigns, representatives, and attorneys, any partnership of which

5

such person is a member or general partner, and any other business entity in which such person has a controlling direct or indirect interest.

      3.     References to entities other than natural persons, including Plaintiff, shall be deemed to include, in addition to the entity named, its divisions, departments, subsidiaries, affiliates, parents, predecessors, present or former officers, directors, employees, agents, representatives, accountants and attorneys, and all other persons acting or purporting to act on behalf of each such entity or person.

      4.     If any interrogatory or request for documents and/or things cannot be complied with in full, it shall be complied with to the extent possible, with an explanation as to why full compliance is not possible.

      5.     In the event that any document identified in these interrogatories is subject to any claim of privilege (including work product), Plaintiff shall furnish a list identifying each such document by:

      a.     identifying the person who prepared or authored the document and, if applicable, the persons who sent the document and to whom the document was sent (including copies) and the dates on which the document was prepared and transmitted;

      b.     describing the nature of the document (e.g., letter, inter-office memorandum, telegram, notes, etc.) and, to the extent possible, the subject matter thereof;

      c.     identifying any and all attachments or enclosures appurtenant to such documents;

d.     stating briefly the nature of the privilege asserted; and

e.     producing any non-privileged portions, attachments or enclosures to any such privileged document, and identifying the portion(s) of the document to which privilege is claimed.

f.     When producing any document in machine readable form, Plaintiff will produce the means for reading said machine readable document, including software, hardware and any other equipment or apparatus required for that purpose, or, in the alternative, will provide complainant with a hard copy of said machine readable document.

g.     Each copy of any document that contains any markings not appearing on the original, or is an alteration of the original, shall be considered a separate document for purposes of these discovery requests.

h.     Records produced should be identified by category, location and form of record as ordinarily maintained in the course of business, and any indexes to such records should also be supplied.

i.     Where these Interrogatories call for the identification of a document or thing, it may be satisfied by the production of the document or thing and a statement identifying which of the documents produced is the document or thing in question

j.     Responses to these Interrogatories, unless specifically stated, shall cover the period from 1998 to the present.

## SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**  State the specific provision(s) in Policy 20 that you claim Defendants have violated.

**INTERROGATORY NO. 2:**  State the name, address, and telephone number of each individual and/or entity you claim has knowledge and information relating to Plaintiff's allegations that Defendants have violated Policy 20.

**INTERROGATORY NO. 3:**  State the name, address, and telephone number of each Melaleuca Independent Marketing Executive and/or Melaleuca Customer that has knowledge or information relating to Plaintiff's allegation that Defendants have violated Policy 20.

## SECOND REQUESTS FOR PRODUCTION
## OF DOCUMENTS AND THINGS

**REQUEST NO. 1:**  All statements and drafts of statements of any individual relating to allegations that Defendants have violated Policy 20.

**REQUEST NO. 2**: All emails to and/or from Mike Connaughton that reference or relate in any way to Defendants and the allegations in this case that Defendants have violated Policy 20.

**REQUEST NO. 3:**  All emails to and/or from McKay Christensen that reference or relate in any way to Defendants and the allegations in this case that Defendants have violated Policy 20.

**REQUEST NO. 4:**  All emails to and/or from Travis Garza that reference or relate in any way to Defendants and the allegations in this case that Defendants have violated Policy 20.

8

**REQUEST NO. 5**: All statements and other documents you rely on in claiming that

Laraine Agren, a former Melaleuca Independent Marketing Executive, has violated Policy 20.

DATED this 16th day of September, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.SECOND SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION.wpd

9

# EXHIBIT 1

their Independent Melaleuca Business to bring it up to its potential status or offer to sell their business to another person on the condition that such person bring the business up to its potential status.

(c) Completed original signed and notarized Organization Sale Request and Organization Purchase Request forms must be submitted to and accepted by Melaleuca.

(d) The transferee of the business must have completed and submitted to Melaleuca an Independent Marketing Executive Agreement.

(e) The transferee of the business has undergone, or will agree to undergo, such training and orientation as Melaleuca may require commensurate with the size of the business being purchased.

(f) The transferor Marketing Executive and the Independent Melaleuca Business must have been in compliance with all of Melaleuca's policies and the terms of the Independent Marketing Executive Agreement for the entire twelve month period preceding the transfer including the month in which the transfer occurs.

(g) Independent Melaleuca businesses that have or have had a total group volume of 5,000 Product Points or more may not be transferred to any other party as any such transfer would constitute the purchase of status or position.

### 19. Transfer from Original Organization

Marketing Executives and Customers may transfer from one Melaleuca organization to another only upon fulfillment of all of the following requirements:

(a) The Marketing Executive or Customer seeking the organization change has submitted an Organization Change form with the original signatures of the seven Marketing Executives in the immediate seven generations above the Marketing Executive or Customer seeking the change. Faxes or photocopies of the executed Organization Change form will not be accepted;

(b) A Marketing Executive seeking the organization change has no more than 10 Customers in his/her existing Marketing Organization and will have no more than 10 Customers in the Marketing Organization into which he/she is seeking to be moved;

(c) The Marketing Executive or Customer seeking the organization change has paid to Melaleuca the applicable fee charged by Melaleuca for organization changes;

(d) Melaleuca has approved the change in writing, which approval Melaleuca may withhold in its sole discretion.

### 20. Non-Solicitation and Conflicts of Interest

Marketing Executives are independent contractors and may be active in other business ventures while they are Marketing Executives for Melaleuca. However, to qualify for compensation under Melaleuca's Compensation Plan, Marketing Executives have the ongoing responsibility to service, supervise, motivate, train and assist the Marketing Executives in their Marketing Organizations. They also have the responsibility to promote Melaleuca products and the Melaleuca income opportunity. Melaleuca and its Marketing Executives have made a great investment in the establishment of organizations consisting of Customers and Marketing Executives. This constitutes one of Melaleuca's most valuable assets. Melaleuca reserves the right to cease paying compensation to any Marketing Executive who recruits any Melaleuca Customer or Marketing Executive to participate in another business venture. In order to protect the efforts of all Marketing Executives in building and maintaining their individual Marketing Organizations and Customer bases, and in order to protect Melaleuca's interest in the overall Customer base, Marketing Executives and all members of their Immediate Household are required to abide by the following policies:

(a) Non-Solicitation of Melaleuca Customers and Marketing Executives:

(i) During the period that their Independent Marketing Executive Agreements are in force Marketing Executives and all members of their Immediate Household are prohibited from directly, indirectly or through a third party recruiting any Melaleuca Customers or Marketing Executives to participate in any other business venture.

(ii) For a period of twelve months after cancellation or termination for any reason of a Marketing Executive's Independent Marketing Executive Agreement, the Marketing Executive and all members of his or her Immediate Household are prohibited from directly, indirectly or through a third party recruiting to participate in any other business venture any Melaleuca Customers or Marketing Executives:

(1) who were in the Marketing Executive's Marketing Organization or

Support Team at any time during the term of his or her association with Melaleuca;

(2) with whom the Marketing Executive had contact during the term of his or her association with Melaleuca;

(3) whose contact information (name, address, phone number or email address, etc.) the Marketing Executive or members of his or her Immediate Household has obtained at any time during the term of his or her association with Melaleuca; or

(4) whose contact information (name, address, phone number or email address, etc.) the Marketing Executive or members of his or her Immediate Household obtained at any time from another person who obtained the information because of any other person's association with Melaleuca.

The prohibitions under clauses (a)(i) and (ii) above include but are not limited to, presenting or assisting in the presentation of other business ventures to any Melaleuca Customer or Marketing Executive or implicitly or explicitly encouraging any Melaleuca Customer or Marketing Executive to join any other business ventures. It is a violation of this policy to recruit a Melaleuca Customer or Marketing Executive to participate in another business venture even if the Marketing Executive does not know that the prospect is also a Melaleuca Customer or Marketing Executive. It is the Marketing Executive's responsibility to first determine whether the prospect is a Melaleuca Customer or Marketing Executive before recruiting the prospect to participate in another business venture. (Please refer specifically to the definition of "recruit" in the Definitions of Terms at the end of these Policies.)

(b) During the period that their Independent Marketing Executive Agreements are in force, and for a period of twelve months after the cancellation or termination thereof for any reason, Marketing Executives and all members of their Immediate Household are further prohibited from the following:

(i) Producing any literature, tapes or promotional material of any nature (including but not limited to websites and emails) which is used by the Marketing Executive or any third person to recruit Melaleuca Customers or Marketing Executives to participate in another business venture;

(ii) Selling, offering to sell, or promoting any competing products or services to Melaleuca Customers;

(iii) Offering any non-Melaleuca products, services or business ventures in conjunction with the offering of Melaleuca products, services or income opportunity or at any Melaleuca meeting, seminar, launch, convention, or other Melaleuca function.

(c) (i) Violation of any provision of this Policy 20 constitutes a Marketing Executive's voluntary resignation and cancellation of his/her Independent Marketing Executive Agreement, effective as of the date of the violation, and the forfeiture by the Marketing Executive of all commissions or bonuses payable for and after the calendar month in which the violation occurred.

(ii) If Melaleuca pays any bonuses or commissions to the Marketing Executive after the date of the violation, all bonuses and commissions for and after the calendar month in which the violation occurred shall be refunded to Melaleuca.

(iii) Melaleuca may seek and obtain from the violating Marketing Executive both injunctive relief and damages for violations of this Policy 20. Melaleuca, may, at its option, elect to enforce this Policy by lawsuit in a court of competent jurisdiction in Idaho rather than by arbitration.

(iv) In addition to being entitled to a refund of bonuses and commissions and to damages as described above, in the event a person or entity violates this Policy 20, Melaleuca and any Marketing Executive that experiences an adverse financial impact as a result of such person's or entity's violation of this Policy 20 shall be entitled to an accounting and repayment of all profits, compensation, commissions, remunerations or other benefits which the person or entity directly or indirectly receives and/or may receive as a result of, growing out of, or in connection with any violation of this Policy. Such remedy shall be in addition to and not in limitation of any damages, or injunctive relief or other rights or remedies to which Melaleuca is or may be entitled at law or in equity.

(d) Violations of this Policy 20 are especially detrimental to the growth and sales of other Marketing Executives' Independent Melaleuca Businesses and to Melaleuca's business. Consequently, Marketing Executives who have

knowledge that any Marketing Executive has violated this Policy must immediately report that information to Melaleuca's Policy Administration Department. The failure of a Marketing Executive to report such information to Melaleuca will also constitute a violation of this Policy. The names of those reporting violations of this Policy 20 will be held in confidence.

## 21. Proprietary Information and Trade Secrets
By executing the Independent Marketing Executive Agreement, the Marketing Executive acknowledges that all information which is contained in the Marketing Executive's Monthly Business Report, including names, addresses and telephone numbers of Marketing Executives and Customers, is Melaleuca's proprietary trade secret information. The Marketing Executive agrees not to disclose such information to any third party (except to existing or prospective Melaleuca Marketing Executives or Customers for the purpose of promoting Melaleuca products and business opportunity) or to utilize such information for the purpose of promoting any other business opportunity at any time, whether during the term of his/her association with Melaleuca or thereafter. The Marketing Executive acknowledges that such proprietary information is of such character as to render it unique and that disclosure or use thereof in violation of this provision will result in irreparable damage to Melaleuca and to Independent Melaleuca Businesses. Melaleuca and its Marketing Executives will be entitled to injunctive relief to prevent violation of this policy. If litigation or arbitration is required to obtain injunctive relief or to recover damages, the prevailing party shall be entitled to an award of attorney's fees and expenses.

## 22. The Enroller
(a) A Marketing Executive who is the Enroller of a new Customer or Marketing Executive may not list another Marketing Executive who did not participate in the contact or the presentation as the Enroller of such new Customer or Marketing Executive. Regardless of where a Customer or Marketing Executive is placed in a Marketing Organization, the actual Enroller of such Customer or Marketing Executive must be listed as the Enroller on the Customer Membership Agreement.

(b) The Enroller and any other Marketing Executives involved in the recruiting and enrollment process may use only Melaleuca's products and its compensation plan and their personal commitment to help the new Marketing Executive build his or her business as an inducement to enroll. Marketing Executives may not enter into special deals with an Enrollee, including, but not limited to, promises of the payment of money or roll ups.

## 23. Supervisory and Leadership Functions
Marketing Executives' compensation is based on sales of product to the End Consumer. To qualify for this compensation Marketing Executives have the ongoing responsibility to promote the Melaleuca business opportunity, to support Melaleuca's policies, programs and personnel, and to service, supervise, motivate and train the Marketing Executives in their Marketing Organization to sell and market Melaleuca products and promote the Melaleuca business opportunity. Any effort by a Marketing Executive to convince or entice any Customer or Marketing Executive to discontinue or diminish purchasing Melaleuca products, to move from one Melaleuca Marketing Organization to another, to discontinue or diminish efforts to promote the Melaleuca business opportunity, or to promote or pursue another direct selling opportunity, or to disparage Melaleuca, or its products, marketing plan, management team or other personnel is a violation of the Marketing Executive's leadership responsibility and a violation of this policy.

## 24. Excess Inventory Purchases Prohibited
The Melaleuca marketing program is built upon sales to the End Consumer. Products representing at least 70% of a Marketing Executive's monthly Organization Product Points must be sold to End Consumers each month. Any device or scheme whereby a Marketing Executive purchases directly or through a third party purchases excess product solely for purposes of qualifying for bonuses or commissions constitutes fraud on the part of the Marketing Executive.

## 25. Selling in Stores
Melaleuca is in strong support of home-based businesses and personal product presentations. To maintain a standard of fairness, Marketing Executives may not display or sell Melaleuca products in drug stores, health food stores or grocery stores. Any display of Melaleuca products to the public must be tasteful and professional. A Marketing Executive may not display or sell Nicole Miller products in any type of retail setting.

## 26. Media Inquiries
It is Melaleuca's policy to have a single spokesperson handle all inquiries from the media and all media relations. Therefore, Marketing Executives may not, for any reason, discuss their Independent Melaleuca Business with the media, nor act as spokespersons for Melaleuca nor talk to the media regarding Melaleuca, its Compensation Plan, its products or services. It is a violation of this policy to provide any information to the media, regardless of whether the information is positive or negative, accurate or inaccurate. All inquiries from the media (whether radio, television or print) must be referred to Melaleuca.

## 27. Checks and Monthly Business Reports
Commission and bonus checks are generally mailed by Melaleuca to Marketing Executives on or about the 15th day of each month for commissions and bonuses earned during the previous month. When the 15th day of the month falls on a weekend or holiday, checks will generally be mailed on the next business day. Each Marketing Executive qualifying for a commission or bonus will receive a Monthly Business Report showing the status of each Customer and Marketing Executive in his/her Marketing Organization.

The Monthly Business Report will show the calculation of the Marketing Executive's commission and bonus in detail. Marketing Executives should use their Monthly Business Report as a tool to manage, supervise and train the members of their Marketing Organizations. The information contained in Business Reports is Melaleuca's proprietary trade secret information, and Marketing Executives are prohibited from disseminating the information contained therein. See Policy 21 for further detail regarding Marketing Executives' obligations with respect to such proprietary trade secret information. A data processing fee is charged each Marketing Executive for generating and maintaining computerized Monthly Business Reports.

Commission and bonus checks which remain uncashed for more than 180 days will not be honored and the amount of the check, less a processing fee of $15.00$^{US}$/$22.50$^{CDN}$ and a bank cancellation/stop payment fee of $10.00$^{US}$/$15.00$^{CDN}$, will be credited to the Marketing Executive's account, which credit may be used towards future purchases made by the Marketing Executive. If a Marketing Executive's account is inactive and it is necessary to refile the Marketing Executive of the credit on account, a service charge of $10.00$^{US}$/$15.00$^{CDN}$ will be deducted from the account for each notice sent.

## 28. Purchases for Other Persons
A Marketing Executive may not order or pay for products for Customers without such Customer's express authorization and agreement to reimburse the Marketing Executive for such product.

## 29. Restrictions on International Marketing (United States and Canada)
Marketing Executives enrolled in the United States and Canada are authorized to sell Melaleuca products and to enroll Customers and Marketing Executives in the United States and Canada. In all other countries in which Melaleuca or its affiliates are authorized to conduct business Marketing Executives may only enroll Customers and Marketing Executives pursuant to Melaleuca's International Sponsorship Program. Marketing Executives and Customers may not ship or sell Melaleuca products across any international border for the purpose of resale, except the U.S./Canadian border provided the products are appropriately labeled for the country of their destination. Marketing Executives and Customers may not sell, give, transfer, import, export or distribute Melaleuca products or sales aids in any country, other than the United States and Canada, nor provide products to any individual who the Marketing Executive or Customer knows or has reason to believe is exporting products to another country.

## 29.1. Restrictions on International Marketing (Melaleuca of the Caribbean)
Marketing Executives enrolled under Melaleuca of the Caribbean are authorized to enroll Customers and Marketing Executives in any country in which Melaleuca of the Caribbean is authorized to conduct business.  In all other countries in which Melaleuca or its affiliates are authorized to conduct business, Marketing Executives may only enroll Customers and Marketing Executives pursuant to Melaleuca's International Sponsorship Program.  Marketing Executives and Customers may not ship or sell Melaleuca products across any international border for the purpose of resale.  Marketing Executives and Customers may not sell, give, transfer, import, export or distribute Melaleuca products or sales aids in any other country, nor provide products to any individual or entity who the Marketing Executive or Customer knows or has reason to believe is exporting products to another country.

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
Brinton M. Wilkins, *pro hac vice*, USBN 10713
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RICK FOELLER and NATALIE FOELLER,<br><br>Defendants. | *NOTICE OF DEPOSITION PURSUANT TO IDAHO R. CIV. P. 30(b)(6) OF MELALEUCA, INC.*<br><br>Civil No. CV-09-2616<br><br>Judge Jon J. Shindurling |

## NOTICE OF 30(b)(6) DEPOSITION

Please take notice that pursuant to Rule 30(b)(6) of the Idaho Rules of Civil

Procedure, the deposition of Melaleuca, Inc. will be taken on October 6, 2009, beginning at

10:00 a.m. and continuing thereafter from day to day as the taking of the deposition may be

adjourned, until completed, at the Manwaring Law Office, P.A., 381 Shoup Avenue, Suite 210,

Idaho Falls, Idaho 83402, at which time and place you are notified to appear and take part in the

examination as you may be advised and as shall be fit and proper.

You are further advised that the examination will relate to the following issues:

1.  Melaleuca's alleged damages arising from Melaleuca's alleged violation of Policy 20.

2.  All evidence that Melaleuca claims supports its allegation that Defendants' alleged violation of Policy 20 is causing Melaleuca irreparable harm or injury.

3.  Any and all evidence that Melaleuca relied upon in terminating Defendants' Independent Marketing Executive Agreement ("IMEA").

4.  Any and all evidence that Melaleuca relies upon in claiming that Defendants are currently violating Policy 20.

5.  Any and all evidence that Melaleuca relies upon in claiming that Defendants have violated Policy 20.

6.  Specific provision(s) of Policy 20 which Melaleuca claims have been or are being violated currently by Defendants.

7.  Melaleuca's internal investigation into alleged violations of Policy 20 by Defendants.

8.  Melaleuca's compensation plan.

9.  Any and all changes in the compensation plain during the period of 1999 through 2009.

You are further advised that the deposition will be taken upon oral examination before a certified Court Reporter.  Such deposition will be taken for the purposes permitted by the Idaho Rules of Civil Procedure.

2

DATED this 18th day of September, 2009.

WOOD CRAPO LLC

_____
Richard J. Armstrong
*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2009, the foregoing

*NOTICE OF DEPOSITION PURSUANT TO IDAHO R. CIV. P. 30 (b)(6) OF*

*MELALEUCA, INC.* was faxed to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
> Fax: (208) 522-1277

> *Attorneys for Plaintiff Melaleuca, Inc.*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.NOTICE OF DEPOSITION.MELALEUCA-30(b)(6).wpd

4

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
Brinton M. Wilkins, *pro hac vice*, USBN 10713
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

### IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

### OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, ) | *NOTICE OF DEPOSITION OF* |
| ) | *MCKAY CHRISTENSEN* |
| Plaintiff, ) | |
| ) | |
| vs. ) | Civil No. CV-09-2616 |
| ) | |
| RICK FOELLER and NATALIE ) | Judge Jon J. Shindurling |
| FOELLER, ) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

     PLEASE TAKE NOTICE that Defendants will take the deposition of McKay Christensen

on Tuesday, October 6, 2009 at 1:00 p.m. The deposition will continue as the taking of the

deposition may be adjourned, until completed, at the Manwaring Law Office, P.A., 381 Shoup

Avenue, Suite 210, Idaho Falls, Idaho 83402, at which time and place you are notified to appear

and take such part in the examination as you may be advised and as shall be fit and proper.

You are further advised that the deposition will be taken upon oral examination before a certified Court Reporter.  Such deposition will be taken pursuant to the purposes permitted by the Idaho Rules of Civil Procedure.

DATED this 18th day of September, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2009, the foregoing

***NOTICE OF DEPOSITION OF MCKAY CHRISTENSEN*** was faxed to the following:

>Curt R. Thomsen
>T. Jason Wood
>THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
>2635 Channing Way
>Idaho Falls, Idaho 83404
>Fax: (208) 522-1277

>*Attorneys for Plaintiff Melaleuca, Inc.*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.NOTICE OF DEPOSITION.MCKAY CHRISTENSEN.wpd

3

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
Brinton M. Wilkins, *pro hac vice*, USBN 10713
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

### IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

### OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | | |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) | ***NOTICE OF DEPOSITION OF*** |
| Plaintiff, | ) ) | ***TRAVIS GARZA*** |
| vs. | ) ) ) | Civil No. CV-09-2616 |
| RICK FOELLER and NATALIE FOELLER, | ) ) ) | Judge Jon J. Shindurling |
| Defendants. | ) ) ) ) | |

PLEASE TAKE NOTICE that Defendants will take the deposition of Travis Garza on

Tuesday, October 6, 2009 at 3:00 p.m. The deposition will continue as the taking of the

deposition may be adjourned, until completed, at the Manwaring Law Office, P.A., 381 Shoup

Avenue, Suite 210, Idaho Falls, Idaho 83402, at which time and place you are notified to appear

and take such part in the examination as you may be advised and as shall be fit and proper.

You are further advised that the deposition will be taken upon oral examination before a certified Court Reporter.  Such deposition will be taken pursuant to the purposes permitted by the Idaho Rules of Civil Procedure.

DATED this 18th day of September, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2009, the foregoing

*NOTICE OF DEPOSITION OF TRAVIS GARZA* was faxed to the following:

Curt R. Thomsen
T. Jason Wood
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, Idaho 83404
Fax: (208) 522-1277

*Attorneys for Plaintiff Melaleuca, Inc.*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.NOTICE OF DEPOSITION.TRAVIS GARZA.wpd

3

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah  84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) |
| | ) |
| Plaintiff, | ) ***MOTION TO CONTINUE HEARING*** |
| | ) ***ON PLAINTIFF'S MOTION FOR*** |
| vs. | ) ***PRELIMINARY INJUNCTION*** |
| | ) |
| RICK FOELLER and NATALIE | ) |
| FOELLER, | ) Civil No. CV-09-2616 |
| | ) |
| Defendants. | ) Judge Jon J. Shindurling |
| | ) |
| | ) |

Pursuant to Idaho R. Civ. P. 7(b)(1), Defendants Rick Foeller and Natalie Foeller

respectfully request that the Court continue the hearing on Plaintiff's motion for preliminary

injunction scheduled for September 29, 2009 at 1:30 p.m.  The grounds for this motion are as

follows:

    1.    This matter has been pending before the Court since April 29, 2009.

    2.    Plaintiff has not sought a preliminary injunction in this matter until

September 15, 2009, when it filed its *Notice of Hearing* on Plaintiff's Motion for Preliminary

Injunction.

3.     Plaintiff and its counsel did not clear the date for the hearing with Defendants' counsel.

4.     On September 16, 2009, upon receiving Plaintiff's *Notice of Hearing*, Defendants' counsel emailed Plaintiff's counsel informing him that Defendants' counsel was unavailable to defend a preliminary injunction hearing on September 29, 2009, because of depositions scheduled in a separate matter for that same day and time. A true and correct copy of Defendants' counsel's email is attached hereto as Exhibit 1.

5.     Attached hereto as Exhibit 2 are true and correct copies of notices of deposition in the matter referenced in Defendants' counsel's email. *See* Ex. 2, hereto.

6.     As stated in Exhibit 1 and as demonstrated in Exhibit 2 hereto, Defendants' counsel is unavailable on September 29, 2009 to appear and defend a motion for preliminary injunction.

7.     In the email at Exhibit 1 hereto, Defendants' counsel offered other available dates for conducting a hearing on Plaintiff's motion for preliminary injunction, including Tuesday, October 13, 2009.

8.     As of the filing of this motion, Plaintiff's counsel has not contacted Defendants' counsel to discuss re-scheduling the hearing for a mutually agreeable time.

Based on the foregoing, Defendants respectfully request that the Court re-schedule the hearing on Plaintiff's motion for preliminary injunction for **Tuesday, October 13, 2009**.

2

DATED this 21st day of September, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of September, 2009, I caused to be

faxed the foregoing *MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR*

*PRELIMINARY INJUNCTION* to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
> *Fax: (208) 522-1277*

*Attorneys for Plaintiff Melaleuca, Inc.*

4

# EXHIBIT 1

# Rick J. Armstrong

| | |
|---|---|
| **From:** | Rick J. Armstrong |
| **Sent:** | Wednesday, September 16, 2009 9:08 AM |
| **To:** | 'Jason Wood' |
| **Subject:** | Melaleuca v. Foeller |

Jason:

I received yesterday afternoon a Notice of Hearing for an apparent motion for preliminary injunction that was filed by your client. The notice states that the hearing is scheduled for September 29 at 1:30 p.m. in Idaho Falls. Again, I'm disappointed that scheduling of important items in this case has occurred unilaterally without as much as a phone call to me to see if the item clears with my calendar. While I can understand that motions for temporary injunctive relief can occur without much notice, I do not understand why there is a sudden need for a preliminary injunction in light of this case pending since April 29, and with no discovery having occurred. To cut to the chase, I have depositions scheduled for September 29 all day in Idaho Falls in a case I have been involved in for the last year before Judge Tingey. I can provide you with a copy of the notices of deposition in that matter if you would like. I am not available for a PI hearing until the latter part of the week of October 5. If Judge Shinderling only conducts PI hearings on Tuesdays, I am available October 13. My client is also unavailable on September 29. Please inform me as soon as possible of your willingness to re-schedule the hearing so I can take the appropriate steps to seek a continuance from the court, if necessary.

Thanks,

Richard J. Armstrong
WOOD CRAPO LLC
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Tel. (801) 366-6060 x.6092
Fax. (801) 366-6061
rjarmstrong@woodcrapo.com

CONFIDENTIALITY NOTICE: This message is from the law firm of **Wood Crapo LLC**. This message and any attachments may contain legally privileged or confidential information, and are intended only for the individual or entity identified above as the addressee. If you are not the addressee, or if this message has been addressed to you in error, you are not authorized to read, copy, or distribute this message and any attachments, and we ask that you please delete this message and attachments (including all copies) and notify the sender by return e-mail or by phone at 801-366-6060. Delivery of this message and any attachments to any person other than the intended recipient(s) is not intended in any way to waive confidentiality or a privilege. All personal messages express views only of the sender, which are not to be attributed to **Wood Crapo LLC**, and may not be copied or distributed without this statement.

# EXHIBIT 2

WOOD CRAPO LLC
Richard J. Armstrong, ISBN 5548
500 Eagle Gate Tower
60 East South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
## STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| THOMAS O'SHEA and ANNE DONAHUE O'SHEA, Trustees of the Thomas and Anne O'Shea Trust u/d/t DATED NOVEMBER 2, 1998; GRANDVIEW CREDIT, LLC, a California limited liability company; CALEB FOOT, an individual, KATE LARKIN DONAHUE, an individual, JOHN KEVIN DONAHUE, an individual, and SAN FRANCISCO RESIDENCE CLUB, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HIGH MARK DEVELOPMENT, LLC, an Idaho limited liability company; GORDON ARAVE, individually and as Officer of High Mark Development, LLC; BENJAMIN D. ARAVE, individually and as Officer of High Mark Development, <br><br> Defendants. | ***SECOND AMENDED NOTICE OF DEPOSITION OF CALEB FOOTE*** <br><br> Consolidated Case No. CV-08-4025 <br><br> Judge Tingey |

PLEASE TAKE NOTICE that Defendants will take the deposition of Caleb Foote on Tuesday, September 29, 2009 at 10:00 a.m. The deposition will continue as the taking of the deposition may be adjourned, until completed, at Manwaring Law Office, P.A., 381 Shoup Avenue, Suite 210, Idaho Falls, Idaho 83402, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

You are further advised that the deposition will be taken upon oral examination before a certified Court Reporter. Such deposition will be taken pursuant to the purposes permitted by the Idaho Rules of Civil Procedure.

DATED this 11th day of August, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

2

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of August, 2009, a true and correct copy of the foregoing *SECOND AMENDED NOTICE OF DEPOSITION OF CALEB FOOTE* was served by U.S. mail, postage prepaid, to the following:

HOPKINS RODEN CROCKETT HANSEN & HOOPES, PLLC
Gregory L. Crockett
Sean J. Coletti
428 Park Avenue
P.O. Box 51219
Idaho Falls, Idaho 83405-1219

Marc J. Weinpel
1975 Martha Avenue
Idaho Falls, Idaho 83404

Kipp Manwaring
Manwaring Law Office, P.A.
381 Shoup Avenue, Suite 210
Idaho Falls, ID 83402

S:\WPDATA\PLEADING\HIGH MARK.O'SHEA. AMENDED NOTICE OF DEPOSITION.CALEB FOOTE.wpd

3

WOOD CRAPO LLC
Richard J. Armstrong, ISBN 5548
500 Eagle Gate Tower
60 East South Temple, Suite 500
Salt Lake City, Utah  84111
Telephone:  (801) 366-6060
Facsimile: (801) 366-6061

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT
## STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| THOMAS O'SHEA and ANNE DONAHUE O'SHEA, Trustees of the Thomas and Anne O'Shea Trust u/d/t DATED NOVEMBER 2, 1998; GRANDVIEW CREDIT, LLC, a California limited liability company; CALEB FOOT, an individual, KATE LARKIN DONAHUE, an individual, JOHN KEVIN DONAHUE, an individual, and SAN FRANCISCO RESIDENCE CLUB, INC., a California corporation, <br><br> Plaintiffs, <br><br> v. <br><br> HIGH MARK DEVELOPMENT, LLC, an Idaho limited liability company; GORDON ARAVE, individually and as Officer of High Mark Development, LLC; BENJAMIN D. ARAVE, individually and as Officer of High Mark Development, <br><br> Defendants. | *SECOND AMENDED NOTICE OF DEPOSITION PURSUANT TO IDAHO R. CIV. P. 30((b)(6) OF GRANDVIEW CREDIT, LLC* <br><br> Consolidated Case No. CV-08-4025 <br><br> Judge Joel Tingey |

## AMENDED NOTICE OF 30(b)(6) DEPOSITION

Please take notice that pursuant to Rule 30(b)(6) of the Idaho Rules of Civil Procedure, the deposition of Grandview Credit, LLC, will be taken on September 29, 2009, beginning at 2:00 p.m. and continuing thereafter from day to day as the taking of the deposition may be adjourned, until completed, at Manwaring Law Office, P.A., 381 Shoup Avenue, Suite 210, Idaho Falls, Idaho 83402, at which time and place you are notified to appear and take part in the examination as you may be advised and as shall be fit and proper.

You are further advised that the examination will relate to the following issues:

1.      The creation of Grandview Credit, LLC.

2.      Members of Grandview Credit, LLC.

3.      Creation and signature of Tenancy in Common Agreement relating to the 1031 Exchange and the property located at 1675 Curlew Avenue, Ammon, Idaho.

4.      Due diligence of Grandview Credit, LLC in relation to the 1031 Exchange and the property located at 1675 Curlew Avenue, Ammon, Idaho.

5.      The dollar amount of Grandview Credit, LLC's investment in 1675 Curlew Avenue, Ammon, Idaho.

6.      The source of funds for Grandview Credit, LLC's investment in 1675 Curlew Avenue, Ammon, Idaho.

7.      Documents prepared and/or submitted by Grandview Credit, LLC to Bonneville Mortgage Company in relation to the purchase of the property at 1675 Curlew Avenue, Ammon, Idaho.

You are further advised that the deposition will be taken upon oral examination before a certified Court Reporter.  Such deposition will be taken for the purposes permitted by the Idaho Rules of Civil Procedure.

DATED this 11th day of August, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 11th day of August, 2009, a true and correct

copy of the foregoing ***SECOND AMENDED NOTICE OF DEPOSITION PURSUANT TO***

***IDAHO R. CIV. P. 30((b)(6) OF GRANDVIEW CREDIT, LLC*** was served by U.S. mail,

postage prepaid, to the following:

        HOPKINS RODEN CROCKETT HANSEN & HOOPES, PLLC
        Gregory L. Crockett
        Sean J. Coletti
        428 Park Avenue
        P.O. Box 51219
        Idaho Falls, Idaho 83405-1219

        Marc J. Weinpel
        1975 Martha Avenue
        Idaho Falls, Idaho 83404

        Kipp Manwaring
        Manwaring Law Office, P.A.
        381 Shoup Avenue, Suite 210
        Idaho Falls, ID  83402

S:\WPDATA\PLEADING\HIGH MARK O'SHEA.AMENDED NOTICE OF DEPOSITION.GRANDVIEW CREDIT 30(b)(6).wpd

WOOD CRAPO LLC
Richard J. Armstrong ISBN 5548
500 Eagle Gate Tower
60 East South Temple
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061
rjarmstrong@woodcrapo.com

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## OF THE STATE OF IDAHO, IN AND FOR BONNEVILLE COUNTY

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation,<br><br>Plaintiff,<br><br>vs.<br><br>RICK FOELLER and NATALIE FOELLER,<br><br>Defendants. | *NOTICE OF HEARING ON DEFENDANTS' MOTION TO CONTINUE HEARING ON PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION*<br><br>Civil No. CV-09-2616<br><br>Judge Jon J. Shindurling |

Notice is hereby given that a hearing on *Defendants' Motion to Continue Hearing on Plaintiff's Motion for Preliminary Injunction* has been scheduled for **Monday, September 28, 2009 at 2:00 p.m.** before the Honorable Jon J. Shindurling in his courtroom located at the Seventh Judicial District Court for Bonneville County, 605 N. Capital Avenue, Idaho Falls, ID 83221.

NOTICE OF HEARING - 1

DATED this 21st day of September, 2009.

WOOD CRAPO LLC

Richard J. Armstrong
*Attorneys for Defendants*

**NOTICE OF HEARING - 2**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 21st day of September, 2009, I caused to be

faxed the foregoing *NOTICE OF HEARING* to the following:

> Curt R. Thomsen
> T. Jason Wood
> THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
> 2635 Channing Way
> Idaho Falls, Idaho 83404
> *Fax: (208) 522-1277*

> *Attorneys for Plaintiff Melaleuca, Inc.*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.NOTICE OF HEARING-MOTION TO CONTINUE PI HEARING.wpd

**NOTICE OF HEARING - 3**

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277

Attorneys for Plaintiff


IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE


| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, )<br>)<br>Plaintiff,    )<br>)<br>v.                                      )<br>)<br>RICK FOELLER and NATALIE FOELLER,)<br>)<br>Defendants.              )<br>_____) | Case No. CV-09-2616<br><br>AMENDED NOTICE OF HEARING |


## TO:   ALL PARTIES AND COUNSEL OF RECORD

PLEASE TAKE NOTICE, that on the 13th day of October, 2009, at 1:30 o'clock p.m., or as

soon thereafter as counsel can be heard in the above entitled court, before the Honorable Jon. J.

Shindurling, the plaintiff, in the above-entitled action, will call up for hearing plaintiff's Motion for

Preliminary Injunction.

DATED this 25 day of September, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
    T. Jason Wood, Esq.

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on September 25, 2009, I caused a true and correct copy of the foregoing **AMENDED NOTICE OF HEARING** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon, by hand delivery, by transmitting by facsimile, or by placing said document in the attorney's courthouse box, as set forth below.

RICHARD J. ARMSTRONG                     [ ] U.S. Mail
500 EAGLE GATE TOWER                     [ ] Hand Delivery
SALT LAKE CITY, UT  84111                [x] Facsimile
FAX: (801) 366-6061                      [ ] Courthouse Box

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
    T. Jason Wood

J:\data\TJW\4550-021\PLEADINGS\009 Ntc hearing.wpd

2 -    AMENDED NOTICE OF HEARING

200906520

2009 SEP 2.   10: 23

WOOD CRAPO LLC
Richard J. Armstrong, ISBN 5548
Brinton M. Wilkins, *pro hac vice*, USBN 10713
500 Eagle Gate Tower
60 East South Temple, Suite 500
Salt Lake City, Utah 84111
Telephone: (801) 366-6060
Facsimile: (801) 366-6061

*Attorneys for Defendants*

## IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT

## STATE OF IDAHO, COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC.,      ) | ***SUBPOENA TO APPEAR FOR*** |
|      ) | ***DEPOSITION AND TO PRODUCE*** |
|      ) | ***DOCUMENTS*** |
| Plaintiff,      ) | *(Travis Garza)* |
|      ) | |
| v.      ) | |
|      ) | |
| RICK FOELLER, and NATALIE FOELLER,      ) | |
|      ) | |
| Defendants.      ) | Case No. CV-09-2616 |
|      ) | |
|      ) | Judge Jon J. Shindurling |
|      ) | |
|      ) | |
|      ) | |
|      ) | |

**THE STATE OF IDAHO TO:**    **Travis T. Garza**
                               **4420 Colonial Way**
                               **Idaho Falls, Idaho 83404-7960**
                               **(208) 529-5539**

       You are hereby commanded to appear for deposition at the Manwaring Law

Office, P.A., 381 Shoup Avenue, Suite 210, Idaho Falls, Idaho 83402 on Tuesday,

*Subpoena (Travis T. Garza)*-1

October 6, 2009, at 3:00 p.m. and to produce or permit inspection of the documents or tangible

things identified or related to the items listed below, at the law offices of Wood Crapo LLC, 60

East South Temple, Suite 500, Salt Lake City, Utah 84111 on October 1, 2009 by 5:00 p.m.

      1.      Any and all documents relating to your investigation of alleged violations

of Policy 20 by Defendants Rick and/or Natalie Foeller.

      2.      For the time period beginning January 1, 2008 to the present, any and all

documents relating to discussions or conversations with you on one side and Jeff LaChappell on

the other, and which relate or refer to Natalie and/or Rick Foeller.

      3.      For the time period beginning January 1, 2008 to the present, any and all

documents relating to discussions or conversations with you on one side and Laraine Agren on

the other, and which relate or refer to Natalie and/or Rick Foeller.

      4.      For the time period beginning January 1, 2008 to the present, any and all

emails, text messages, faxes, letters, and any other correspondence and communications between

you on one side and any of the following on the other: McKay Christensen, Mike Connaughton,

Lucy Witmer, Marsha Josiah, Laraine Agren, and/or Jeff LaChappell.

      DATED this 18th day of September, 2009.

      WOOD CRAPO LLC

      Richard J. Armstrong
      Attorneys for Defendants

*Subpoena (Travis T. Garza)-2*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 18th day of September, 2009, the foregoing

**SUBPOENA TO APPEAR FOR DEPOSITION AND TO PRODUCE DOCUMENTS (Travis**

**T. Garza)** was faxed to the following:

Curt R. Thomsen
T. Jason Wood
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, Idaho 83404
Fax: (208) 522-1277

*Attorneys for Plaintiff Melaleuca, Inc.*

S:\WPDATA\PLEADING\FOELLER.MELALEUCA.SUBPOENA FOR DEPOSITION AND DOCUMENTS.TRAVIS GARZA.wpd

*Subpoena (Travis T. Garza)-3*

BONNEVILLE COUNTY SHERIFF'S OFFICE

PAUL J WILDE                                605 N CAPITAL
(208) 529-1350                          IDAHO FALLS, ID  83402          **Paper ID:**      200906520

# P E R S O N A L    R E T U R N    O F    S E R V I C E

MELALEUCA, INC.

-- VS --                              PLAINTIFF(S)          COURT:    7TH DIST BONNEVILLE

                                                           CASE NO:   CV092616

RICK & NATALIE FOELLER

                                      DEFENDANT(S)         PAPER(S) SERVED:

                                                           CIVIL SUBPOENA

I, PAUL J WILDE, SHERIFF OF BONNEVILLE COUNTY, STATE THAT THE ABOVE DESCRIBED DOCUMENTS WERE
DELIVERED TO ME FOR SERVICE ON THE 21ST DAY OF SEPTEMBER 2009.

I HEREBY CERTIFY THAT, ON THE 26TH DAY OF SEPTEMBER 2009, AT 7:36 O'CLOCK P.M., I, KEITH CHRISTENSEN,
BEING DULY AUTHORIZED, SERVED THE ABOVE DESCRIBED DOCUMENTS IN THE ABOVE-ENTITLED MATTER UPON

* * * * * TRAVIS GARZA * * * * *

PERSONALLY AT:    4420 COLONIAL WAY IDAHO FALLS ID 83404

WITHIN THE COUNTY OF BONNEVILLE, STATE OF IDAHO.

                                 DATED THIS 28TH DAY OF SEPTEMBER 2009.

                                 PAUL J WILDE
                                 SHERIFF

SHERIFF'S FEES:              40.00
TOTAL COLLECTED TO DATE:     40.00
AMOUNT UNCOLLECTED:           0.00          BY   _____

                                                 KEITH CHRISTENSEN
                                                 SERVING OFFICER

                                            BY   _____

                                                 SHERRIE LYN RANSOM
                                                 RETURNING OFFICER

WOOD CRAPO LLC
60 EAST SOUTH TEMPLE, STE 500
SALT LAKE CITY, UT  84111

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, ID 83404
Telephone  (208) 522-1230
Fax  (208) 522-1277

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE
STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

| | |
|---|---|
| MELALEUCA, INC., an Idaho corporation, ) | Case No. CV-09-2616 |
| ) | |
| Plaintiff, ) | |
| ) | **NOTICE VACATING HEARING** |
| v. ) | |
| ) | |
| RICK FOELLER and NATALIE FOELLER,) | |
| ) | |
| Defendants. ) | |
| ) | |

## TO:  ALL PARTIES AND COUNSEL OF RECORD

PLEASE TAKE NOTICE, that plaintiff's Motion for Preliminary Injunction scheduled to

be heard on the 13th day of October, 2009, at 1:30 o'clock p.m. in the above entitled court, before

the Honorable Jon. J. Shindurling, is hereby vacated.

DATED this _9_ day of October, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
T. Jason Wood, Esq.

1 -    NOTICE VACATING HEARING

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on October 7, 2009, I caused a true and correct copy of the foregoing **NOTICE VACATING HEARING** to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon, by hand delivery, by transmitting by facsimile, or by placing said document in the attorney's courthouse box, as set forth below.

RICHARD J. ARMSTRONG                 [ ] U.S. Mail
500 EAGLE GATE TOWER                 [ ] Hand Delivery
SALT LAKE CITY, UT  84111            [x] Facsimile
FAX: (801) 366-6061                  [ ] Courthouse Box


THOMSEN STEPHENS LAW OFFICES, PLLC


By: _____
    T. Jason Wood

J:\data\TJW\4550-021\PLEADINGS\012 Ntc vacating hearing.wpd

2 -    NOTICE VACATING HEARING

Curt R. Thomsen, Esq., ISB #2072
T. Jason Wood, Esq., ISB #5016
THOMSEN STEPHENS LAW OFFICES, P.L.L.C.
2635 Channing Way
Idaho Falls, ID 83404
Telephone (208) 522-1230
Fax (208) 522-1277

Attorneys for Plaintiff

IN THE DISTRICT COURT OF THE SEVENTH JUDICIAL DISTRICT OF THE

STATE OF IDAHO, IN AND FOR THE COUNTY OF BONNEVILLE

MELALEUCA, INC., an Idaho corporation, )
                                  )
      Plaintiff,               )
                                    )
v.                                  )
                                    )
RICK FOELLER and NATALIE FOELLER,)
                                    )
      Defendants.            )

Case No. CV-09-2616

OBJECTIONS TO DEFENDANTS'
AMENDED NOTICE OF RULE 30(b)(6)
DEPOSITION OF MELALEUCA, INC.

     Melaleuca, Inc., by and through counsel of record, and objects to the defendants' Amended

Notice of Deposition Pursuant to Idaho R. Civ. P. 30(b)(6) of Melaleuca, Inc., on the following

grounds and for the following reasons:

     1.    All of the issues identified by in the amended notice of deposition concern

information that is highly sensitive, confidential, proprietary, and/or which constitutes Plaintiff's

protected trade secrets, which will not be disclosed in the absence of a stipulation for an appropriate

protective order.

1 -    OBJECTIONS TO DEFENDANTS' AMENDED NOTICE OF RULE 30(b)(6) DEPOSITION

2.    The seventh issue identified in the amended notice of deposition, namely "Melaleuca's internal investigation into alleged violations of Policy 20 by Defendants" calls for items prepared in anticipation of litigation, which are protected from disclosure by IRCP 26 and will not be disclosed absent a court order.

DATED this ____ day of October, 2009.

THOMSEN STEPHENS LAW OFFICES, PLLC


By:    _____

T. Jason Wood

## CERTIFICATE OF SERVICE

I hereby certify that I am a duly licensed attorney in the State of Idaho, resident of and with my office in Idaho Falls, Idaho; that on October 5, 2009, I caused a true and correct copy of the foregoing to be served upon the following persons at the addresses below their names either by depositing said document in the United States mail with the correct postage thereon, by hand delivery, by transmitting by facsimile, or by placing said document in the attorney's courthouse box, as set forth below.

RICHARD J. ARMSTRONG          [X] U.S. Mail
500 EAGLE GATE TOWER           [ ] Hand Delivery
SALT LAKE CITY, UT  84111      [X] Facsimile
FAX: (801) 366-6061            [ ] Courthouse Box

THOMSEN STEPHENS LAW OFFICES, PLLC

By: _____
    T. Jason Wood