IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

|  |  |  |
|---|---|---|
| MELALEUCA, INC., an Idaho corporation, | ) ) ) ) | Case No. CV-09-517-E-BLW |
| Plaintiff, | ) ) | |
| v. | ) ) | **MEMORANDUM DECISION AND ORDER** |
| RICK FOELLER and NATALIE FOELLER, | ) ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pending before the Court is a Motion to Remand (Docket No. 4) by Plaintiff

Melaleuca, Inc. (Melaleuca).  The Court has determined that oral argument would

not significantly aid the decisional process, therefore the Court will address the

Motion without a hearing.  Having reviewed the pleadings of the parties, the Court

now enters the following Memorandum Decision and Order granting Plaintiff's

Motion, as set forth below.

## BACKGROUND

Plaintiff initiated a lawsuit against Defendants in the Seventh Judicial

District of the State of Idaho on April 29, 2009, alleging violation of a non-

solicitation covenant.  Defendants first removed the case to this Court on May 15, 2009.  This Court remanded the case to State Court because the complaint did not allege, nor did defendants offer any facts to support a finding, that the amount in controversy exceeds $75,000.

Defendants served discovery requests, including requests for admissions bearing on the amount in controversy, on August 6, 2009.  Plaintiff filed responses, but without oath or affirmation, by the agreed deadline of September 30, 2009.  On October 6, 2009, Defendants deposed Thomas Knutson, the Rule 30(b)(6) representative for Plaintiff Melaleuca.  Defendants filed a second notice of removal on October 13, 2009.   The premise of Defendants' renewed notice was that the Plaintiffs were deemed to have admitted that the amount in controversy exceeded $75,000 because Plaintiff's response to the request for admission on that issue was not verified.   On October 15, 2009, Plaintiff attempted to rectify this oversight by filing verified responses to the Defendants' requests for admissions.  Plaintiff filed its Motion to Remand to State Court on October 16, 2009.

## ANALYSIS

### A.    Burden Of Proof

There is a strong presumption against removal to federal court; "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the

**Memorandum Decision & Order -- page 2**

first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)(citations omitted).  The "burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." *Prize Frize, Inc. v. Matrix Inc.*, 167 F.3d 1261, 1265 (9th Cir. 1999).

Where a party seeks removal from state to federal court based upon diversity jurisdiction, the party "must show (1) that the parties are in complete diversity, and (2) that the amount in controversy exceeds $75,000, exclusive of interest and costs."  Wilson v. Union Security Life Ins. Co., 250 F.Supp.2d 1260, 1261-63 (D. Idaho 2003), citing 28 U.S.C. § 1332(a) (other citation omitted).  Here, the parties agree there is complete diversity.  Thus, the only dispute over jurisdiction whether the controversy exceeds the $75,000 jurisdictional amount has been satisfied. Where the amount of damages being claimed by the plaintiff is disputed, "the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount."  *Gaus*, 980 F.2d at 566-67 (citation omitted); *see also McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S.Ct. 780, 785 (1936).

## B.    The Facts Must Support The Requisite Amount In Controversy

In this case, Defendants asked Plaintiff to admit that ". . . the total value of the money damages and/or the dollar value of any injunctive relief that Melaleuca

**Memorandum Decision & Order -- page 3**

might recover is in excess of $75,000.00, exclusive of any interest and/or costs."
*See Response to Motion* (Docket No. 7) at 3.  Plaintiff's responded with an
"objection" then an explanation that there is insufficient information to calculate
the value of injunctive relief, and that damages were held to be subject to
mandatory arbitration; Plaintiff added that "[o]n those bases Plaintiff denies this
request."

As proof that the amount in controversy exceeds $75,000, Defendants argue
that Plaintiff admitted as much by not meeting the technical requirements of Idaho
Rule of Civil Procedure 36(a).  Under that rule, "The matter is admitted unless . . .
the party to whom the request is directed serves upon the party requesting the
admission a written answer or objection addressed to the matter, signed under oath
by the party or by the party's attorney . . .."  I.R.C.P. 36(a).  Although Plaintiff
verified responses on October 15, 2009, Defendants argue that "[j]urisdictional
facts supporting removal, including the amount in controversy, must be judged at
the time of removal," which was two days prior, on October 13.  Response to
Motion (Docket No. 7) at 14.  Defendant cites a number of cases to support the
proposition that "subsequent developments affecting the amount in controversy do
not divest the federal court of jurisdiction."  Response to Motion (Docket No. 7) at
14, *citing Conrad Associates v. Hartford Acc. & Indem. Co.*, 994 F. Supp. 1196

**Memorandum Decision & Order -- page 4**

(N.D. Cal. 1998); *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991) (other citations omitted).

Defendants attempt to characterize Plaintiff's filing of a verified response as a subsequent development affecting the amount in controversy.  This Court disagrees.  In determining the amount in controversy, the Court may consider facts in the removal petition, and other evidence submitted by the parties relevant to the amount in controversy at the time of removal.  *Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997), *see also Mattel, Inc. v. Bryant*, 441 F.Supp.2d 1081 (C.D. Cal 2005).  The verified response is no more a subsequent development than the filing of the parties' pleadings for this Motion; it merely affirmed Plaintiff's response to the requests for admission, provided prior to removal.

As pointed out by Plaintiff, the Idaho Court of Appeals held that a magistrate judge did not abuse discretion in allowing responses under Rule 36(a) to be verified eight months after they were filed.  *State v. Knowles*, 128 Idaho 835, 839, 919 P.2d 1036 (Ct. App. 1996)(citing *Vannoy v. Uniroyal Tire Co.*, 111 Idaho 536, 544, 726 P.2d 648, 656 (1985)).  Also, the Idaho Supreme Court upheld a trial court's determination that requests for admissions were not "admitted" where they went unanswered.  *Vannoy*, 111 Idaho at 544.  The court in *Vannoy* found there

**Memorandum Decision & Order -- page 5**

was no prejudice to defendants in discarding unanswered requests for admission because the "plaintiffs' statements in depositions and interrogatories set out plaintiffs' position which adequately denied the substance of the requests for admissions submitted by [the defendant]."

In this case, Plaintiff's representative Thomas Knutson was deposed on October 6, 2009, before the Defendants' removal to this Court.  Knutson's testimony during his deposition was consistent with the response to Defendant's request for admission – that it was very difficult to quantify the damage suffered because of the nature of the business of direct marketing.  Knutson's testimony adequately denied the substance of the request for admission that the amount in controversy exceeds $75,000.  Under *Vannoy* and *Knowles*, Defendants cannot claim prejudice, as they were on sufficient notice of Plaintiff's position with respect to the amount in controversy.  Defendants' attempts to distinguish *Knowles* and *Vannoy* are unconvincing.

Because Defendants have not met their burden of showing that the amount in controversy exceeds $75,000, this matter must be remanded to state court.

**C.    Motion For Attorney Fees**

This Court has discretion to require payment of just costs and fees incurred as a result of improper removal. 28 U.S.C. § 1447(c); *see also Martin v. Franklin*

*Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 141. Although the Court was unconvinced by Defendants' technical reading of the rules and law regarding admissions and removal, the Court does not find that Defendants lacked an objectively reasonable basis for seeking removal. Accordingly, the Court will deny Plaintiff's request for attorney fees.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Plaintiff's Motion to Remand (Docket No. 4) shall be, and the same is hereby, GRANTED.

Plaintiff's request for attorney fees (Docket No. 4) is hereby DENIED.

Plaintiff's Motion to Expedite (Docket No. 5) is hereby deemed MOOT.

DATED: **October 29, 2009**

Honorable B. Lynn Winmill
Chief U. S. District Judge